## Ashabraner's Executor et al. v. Owens.

(Decided March 16, 1937.)

I. G. MASON for appellants.

JOHN A. WHITAKER for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

Mrs. Dave Owens sued the executor of the will of J. W. Ashabraner and Mrs. Lilly Toon, co-devisee with Dave Owens of the estate, on an express contract to pay a reasonable sum for services rendered the deceased. She recovered $1,200, which was all that she asked.

The case was only partially developed. J. W. Ashabraner lived in Adairville, and it appears that Dave Owens had been a tenant on his farm about two miles away. After the death of his wife, Owens and his wife moved in with Mr. Ashabraner in September, 1930. The claim asserted by Mrs. Owens was for doing the household work, including washing and ironing, and for nursing the testator from the time they moved there until his death in July, 1935, a period of four years, nine months, and twenty-six days. He was eighty-three years old when he died. It further appears that Virgil Owens, a son, lived on Ashabraner's farm during this period. The record is silent as to what the father was

doing all this time. The son testified that the decedent had sent for his father, mother, and himself, and stated that he would have to have somebody to take care· of him and he would rather have him and his mother. In the main, the proving of the contract was by this son, and his meager testimony is, in effect, that the agreement was to compensate the whole family for their services if "there was anything left at his death." There was no dispute as to the general housework and services rendered by Mrs. Owens, but the entire relationship seems to have been one of mutual convenience, with the overwhelming advantage going to the Owens family.

The executor merely traversed the allegations of the petition. The answer of Mrs. Toon, his codefendant, went further and presented affirmative defenses, including pleas of· mutual convenience and payment. She set up Ashabraner's will, which bequeathed his estate to his widow for life with power to consume such as might be needed by her, and whatever remained at her death was bequeathed to Dave Owens and Lilly Toon equally. She also set up the claim as originally filed with the executor, asking for $4 a week, or an aggregate of $960, instead of $1,200 as asked in the petition. The sufficiency of the verification of the claim was questioned. But the executor expressly admitted that the plaintiff had "proved her claim in accordance with the law." A demurrer to some of this affirmative pleading presented by Mrs. Toon was sustained. Then the plaintiff dismissed the suit against her without prejudice. Inasmuch as these important affirmative pleas had inured to the benefit of the codefendant [Welch v. Mann's Ex'r, 261 Ky. 470, 88 S. W. (2d) 1], the dismissal ought not to have been allowed without so providing. It is true that the executor made no objection. His attitude throughout seems to have been sympathetic with the plaintiff. It is the duty of an executor to protect the estate committed to him from spoliation. Mrs. Toon's counsel have prosecuted the appeal.

Over the objection of Mrs. Toon's attorney, the plaintiff was allowed to testify quite fully in support of her claim. She detailed the character of services she had rendered, the condition of the decedent's health and strength, the duration of his last illness, the time

she had served him, what he had paid another for similar work before she went there, and, finally, that she had never been paid anything for her services. The terms of section 606 of the Civil Code of Practice depriving a party to a suit of the right to testify for himself concerning statements of, or transactions with, or acts done or omitted to be done, by one who is dead, cover the testimony of the plaintiff in this action. It is submitted by the appellee that much of this was competent, and the incompetent part was not prejudical since the facts were either not in dispute or were related by other witnesses, including the executor himself. A similar argument was presented under like conditions in Northrip's Adm'r v. Williams, 100 S. W. 1192, 30 Ky. Law Rep. 1279. It was pointed out there that the reason and purpose of the Code provision would be seriously impaired, if not destroyed, if a party should be permitted to give testimony in his behalf that has a tendency to strengthen or make good his claim or that will leave the impression upon the jury that his demand is just and reasonable. Accordingly, it was held that, as the plaintiff's evidence was of that character, it was incompetent and prejudical. This case is cited, with others, and the rule applied, in Duke's Adm'r v. Patton, 264 Ky. 598, 95 S. W. (2d) 249. In the case at bar there was no sort of testimony but that of the plaintiff herself that she had not been paid for her services.

Since the case must be reversed on account of this error, we refrain from expresing an opinion upon the sufficiency of the proof

Judgment reversed