# Martin et al. v. Taylor's Ex'x.

Jan. 17, 1941.

Raymond Connell and Swinford & Sims for appellants.

Hanson Peterson and W. W. VanDeren for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

In this action, filed on March 15, 1937, by the executrix of Wood L. Taylor against the appellants, Fannie Lou McDaniel Martin, and her husband, Walker Martin, it was alleged that on December 21, 1928, Taylor purchased from W. E. Hutton & Company, brokers, fifty shares of capital stock of the Briggs Body Company at the price of $2,527.50, one-half of which was for the benefit of Fannie Lou McDaniel (who later married Walker Martin), who was to pay one-half of the loss on the stock, if any, and receive one-half of the profits, if any, when the stock was finally sold; that the stock was eventually sold for $142.88 and that Mrs. Martin, after charging her with interest on her one-half of the stock account and crediting her by one-half of the amount for which the stock was sold and a further credit of $300 paid by her on February 21, 1929, was indebted to the estate of Wood L. Taylor in the amount of $1,005.33 with interest from April 25, 1932, the date of sale of the stock. It was further alleged that within five years next before filing the petition the appellant acknowledged her

indebtedness and agreed and promised to pay same. Mrs. Martin answered denying the allegations of the petition specifically denying the payment of the $300 on the account and pleading the statute of limitations. A reply was filed in which it was again alleged that Mrs. Martin after the death of Wood Taylor on November 28, 1930, acknowledged her indebtedness to his executrix and agreed and promised to pay it and actually did pay thereon the sum of $130 by a number of small checks, the first of such payments being made on November 18, 1932, and the last on March 13, 1934. Upon submission of the case to a jury a verdict was returned in behalf of appellee for $1,005.33 with interest from April 25, 1932, and judgment was thereupon entered for that sum and this appeal follows.

The appellee testified that after Mr. Taylor's death she found amongst his papers an account presented to him by the brokers covering the purchase of the stock with interest charges thereon; that on the account were notations in the handwriting of her husband by which charges were made to Mrs. Martin for one-half of the purchase price of the stock and interest thereon. She also testified to finding a bank book marked "W. L. Taylor, Special" on which there was a notation in her husband's handwriting showing a deposit to his credit marked "Mrs. McDaniel, $300." She turned these papers over to an accountant who made an analysis of the account, based on the entries made thereon by Taylor. The accountant presented Mrs. Taylor with a statement of the account as analyzed by him and the record shows that this account was filed on June 27, 1938, although it was not filed as a part of any pleading or made an exhibit by any pleading. The account showed a balance of $1,005.33 due the estate of Wood L. Taylor from Mrs. Martin. The appellee testified that she presented a copy of this account to Mrs. Martin and that Mrs. Martin on one occasion said to her "I acknowledge my debt." Mrs. Martin thereafter made the payments above referred to aggregating $130 by giving checks to which she signed the name of her then husband, Walker Martin. The accountant testified to making the audit from the broker's account which had been mailed to Taylor and from Taylor's memoranda thereon. He also showed a credit on this account of the $300 pursuant to the memoranda made by Taylor on the bank book. He

stated that he presented the executrix with copies of the analysis of the account made by him showing the balance due as above indicated. This account was never at any time introduced in evidence, that is, it was neither read, nor exhibited, to the jury nor was there any agreement that it should be considered as having been read in evidence. There was no direct testimony by Mrs. Taylor that she presented the account furnished her by the accountant to Mrs. Martin and that Mrs. Martin acknowledged the correctness of the account or promised to pay it. Several close approaches were made to this but nowhere in the record is there a direct statement by her to this effect and as the account was never put in evidence there was nothing on which the jury could base a finding that Mrs. Martin acknowledged its correctness and agreed and promised to pay the amount thereof to appellee. In short, from the transcript of evidence before us there was nothing on which the jury could base a finding of any amount due by Mrs. Martin. The account was apparently exhibited to the witness but never read to or exhibited to the jury—at least that is the record before us. In these circumstances, since there was nothing on which the jury could base a verdict, the trial court should have directed a verdict for the defendant.

It is also contended by appellant that evidence as to the memoranda made by Taylor on the bank book and on the broker's account was incompetent and this contention must be sustained. An entry made in the regular course of business is competent evidence as an exception to the hearsay rule but such an entry must be a part of a series or reports, not a casual or isolated one, and a single entry in a book or a memorandum casually made does not meet the requirement of a regular entry. Wigmore on Evidence, Third Edition, Section 1525. Provident Savings Life Assur. Co. v. Whayne's Adm'r, 131 Ky. 84, 93 S. W. 1049, 29 Ky. Law Rep. 160. These entries were not made by Taylor in the regular course of his business but pertained to an isolated transaction between himself and appellant and clearly do not come within that class of entries admissible as an exception to the hearsay rule. Since the entries were not made in the regular course of business, the entire testimony of the accountant to the effect that he had made up an account therefrom should have been excluded. The admission of his testimony would, by in-

direction, result in getting before the jury incompetent evidence as to these entries by the deceased, Taylor. It was competent, of course, for Mrs. Taylor to testify that she took a copy of an account and presented it to Mrs. Martin and that she thereupon acknowledged the correctness of the account and agreed and promised to pay it. If such account had been properly introduced in evidence it might have furnished a basis for the jury to infer that such account, admitted by appellant to be correct, established that one-half of the stock was bought by Taylor for Mrs. Martin and that she owed for her one-half. It is contended by appellant that the original transaction must be proven in order to establish a consideration for the new promise and this contention is correct. Dowell, etc., v. Dowell's Adm'r, 137 Ky. 167, 125 S. W. 283; Hendrix' Adm'r v. Hendrix, 96 S. W. 921, 29 Ky. Law Rep. 1084. But the original transaction may be proven by the admission of the debtor. If an account showing the original transaction is presented to a debtor and he acknowledges the correctness of the account, such acknowledgment constitutes substantive evidence proving the original transaction. As indicated, however, the proof fell short of this in the instant case by reason of the failure to introduce the account in evidence and by the failure of the evidence to establish an express acknowledgment of the correctness of the account.

Complaint is made of the first instruction in that it was confusing to the jury and there is some basis for this complaint in that the court inadvertently submitted to the jury the question whether the ''defendant'' bought the stock. This instruction should be corrected on the next trial so as to submit the question whether or not the deceased, Taylor, bought the stock.

A further complaint is made as to the second instruction given by the court in which the jury were told to find for the defendant ''unless they believe from the evidence that defendant acknowledged the debt or promised to pay plaintiff his claim within five years next before the —— day of November, 1936.'' This instruction was incorrect in that a mere acknowledgment of a debt after the statute of limitations has run is not sufficient to remove the bar of the statute. Where the action is upon a new promise to pay a debt that is barred (as was the case here), an acknowledgment by the

debtor, if it does not contain an express promise, must be so positive and unqualified as to raise an implied promise. Lamkin et al. v. Cambron's Adm'rs, 194 Ky. 246, 238 S. W. 766. An acknowledgment to be sufficient for this purpose must be an acknowledgment that the claim sued on is an existing liability then due and owing by the debtor. On the next trial the instruction should be modified in accordance with these conclusions.

A further error requiring a reversal of the judgment is that the court failed to give credit for $130 admittedly paid on the account by the defendant. Judgment was prayed for $1,005.33, with interest. The reply admitted payments of $130 on the amount sued for and obviously this sum should have been credited on the account.

For the reasons give the judgment is reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.