## Taylor v. Martin et al.

Jan. 22, 1943.

Hanson Peterson and W. W. Vanderen for appellant.

Swinford & Sims and Raymond Connell for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Our opinion reported in Martin v. Taylor's Ex'x, 285 Ky. 128, 147 S. W. (2d) 70, reversing a judgment in favor of the present appellant, so fully sets forth the facts as to render any elaboration of them unnecessary. We there held that proof of Mrs. Martin's alleged "acknowledgment" of her indebtedness to the estate of Wood L. Taylor was insufficient to overcome the bar of limitation; and to cure this defect, the executrix testified at the ensuing trial that Mrs. Martin had said, not merely "I acknowledge my debt," but "I acknowledge my debt and will pay." The case for the executrix was further strengthened by the testimony of Mrs. Martin's divorced husband, John F. McDaniel, Jr., to the effect that he had heard conversations between his former wife and Wood L. Taylor, in which the latter's purchase for her of the Briggs Body Company stock was discussed. Mrs. Martin, however, was permitted to testify that she had never authorized Taylor to purchase any stock for her, and the jury accepted her testimony, as it was fully warranted in doing under the circumstances disclosed, and returned a verdict in her favor.

On this appeal from the judgment entered on that verdict, two grounds for reversal are urged, namely, that the court erred in permitting Mrs. Martin to testify that she had never had any contract or agreement with Taylor relating to the purchase of stock; and in refusing to permit the introduction in evidence of the statements sent Taylor by W. E. Hutton & Co., through whom Taylor conducted his stock dealings, bearing notations in Taylor's handwriting which indicated Mrs. Martin's participation in the transaction.

I. It is true that this court has held that the denial by a defendant of a transaction with a deceased person out of which an indebtedness sought to be recovered of such defendant arose, is within the prohibition of Subsection 2, Section 606, Civil Code of Practice (Eversole v. Chandler et al., 217 Ky. 148, 289 S. W. 215), and if Mrs. Taylor had not previously testified that she knew of the transactions between Mrs. Martin and Taylor relating to the alleged purchase of the stock "from conversations that were held among Mr. and Mrs. McDaniel (the present Mrs. Martin) and Mr. Taylor at which I was present," Mrs. Martin's general denial that she had ever had any transactions or agreements with Mr. Taylor on the subject and that she was not indebted to him on that account, would have been incompetent and its admission reversible error. Mrs. Taylor was not only executrix of her husband's will, but a beneficiary thereunder, and, having chosen to generalize her statement relative to the conversations between her husband and Mrs. Martin regarding the stock transaction, rather than specify the conversations at which the subject was discussed, the trial court was clearly right in permitting Mrs. Martin to make an all-inclusive denial. Had he not done so, Mrs. Martin would have been deprived of the benefit of the express exception contained in the Civil Code of Practice provisions which permits a defendant to testify in his own behalf to a transaction with, or a statement or omission of a deceased person when "The decedent, or a representative of, or someone interested in, his estate, shall have testified against such person, with reference thereto."

II. The court permitted the accountant referred to in our former opinion to testify that he had compiled from the Hutton & Co. statements and the notations made by Taylor thereon, the statement of account showing Mrs. Martin's alleged indebtedness. In conformity with our previous ruling, this statement had been introduced in evidence by Mrs. Taylor who had related her presentation of it to Mrs. Martin. But the court refused to permit the introduction in evidence of the Hutton & Co. statements or the notations made thereon by Taylor, and sustained appellee's objections to all questions asked the accountant relative to such notations. By avowals it was shown that if he had been permitted to answer, the accountant would have stated that the notations in Taylor's handwriting disclosed that Taylor had borrow-

ed from the bank and paid "For Fannie Lou McDaniel 50 Briggs, $2533.82," and from time to time had added interest accruing on this item as well as the interest on purchases of Briggs Body Company stock made for himself and John F. McDaniel, Jr. It may be conceded that if the notations referred to were competent evidence, they would have indicated that Taylor had purchased the stock for Mrs. Martin and sustained the loss for which recovery was sought. On the other hand, they could not be said to have established that fact, since they do not disclose any authorization from Mrs. Martin to make the purchase. But it is useless to speculate on this subject, since the sole question regarding the notations which we are called upon to determine is whether or not they were competent; and this question must be answered in the negative in view of the barrier which the law erects against self-serving declarations, except in so far as they are reflected by entries made by the declarant or persons under his direction in the regular course of business. In our former opinion, citing authorities, we held that these entries "were not made by Taylor in the regular course of his business but pertained to an isolated transaction between himself and appellant and clearly do not come within that class of entries admissible as an exception to the hearsay rule. * * * The admission of his [the accountant] testimony would, by indirection, result in getting before the jury incompetent evidence as to these entries by the deceased, Taylor." [285 Ky. 128, 147 S. W. (2d) 72].

This language obviously renders unnecessary any further discussion of appellant's second ground for reversal.

Judgment affirmed.

Whole Court sitting.