## Commercial Credit Co. v. Suter.

April 29, 1947.

Rehearing denied June 20, 1947.

Ward Yager, Judge.

L. M. Ackman and Dunham Matthews for appellant.

H. W. Vincent for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Since appellee has failed to file a brief in this Court we will assume that appellant's statement of the facts is full and correct. Rule 1,340, Rules of Court of Appeals. Skaggs v. Ohio Valley Rock Asphalt Co. et al., 292 Ky. 758, 166 S. W. 2d 1005. Appellant, Commercial Credit Company, is an automobile finance company whose business in part is to purchase notes secured by conditional sales contracts and mortgages from retail automobile dealers who have accepted such instruments as evidences of and security for unpaid portions of the purchase price of automobiles sold by them. Appellee, J. L. Suter, doing business under the firm name of Suter Motor Company, is a retail dealer in automobiles and operates a general garage business in the City of Warsaw. The parties entered into a written agreement with each other setting forth the terms and conditions under which appellant would finance appellee in the manner aforesaid, collect the payments due on the notes purchased by it, and repossess automobiles upon which payments should become delinquent. Under the terms of this agreement appellee bound himself to pay appellant in cash an amount equal to the unpaid balance owing on any note purchased by appellant from appellee, provided appellant repossessed the automobile in question within ninety days after default of any instalment of the note. Certain reserves were to be set up as credits to appellee, and about which there is no question in the record. In the case of the sale of a used car, appellant did not always pay appellee the full selling price of the car, but would issue to him a "deferred certificate" payable when and if the purchaser paid the deferred instalments in full. On January 8, 1940 appellant purchased from appellee a note executed by Carl and Gilbert Jackson in the sum of $328.50, which represented the balance due on the purchase of a used automobile. As a part of the consideration for the purchase of the note, appellant issued to appellee a deferred certificate

in the sum of $100, and set up a certain loss reserve as a credit to appellee's account. Appellant was required to repossess the automobile purchased by the Jacksons, and after repossession sold it to the highest of three bidders for the sum of $60; after crediting appellee with the amount of the deferred certificate, reserve, and refund for the unexpired portion of an insurance policy, it charged appellee with the sum of $100.23, with interest from the 31st day of January, 1941, which represented the unpaid amount of the note less reserve and certificate credits and the amount realized at the sale after repossession. On January 13, 1940 appellant purchased from appellee the note of a Mr. Myers in the original amount of $1,210.86, representing the unpaid balance of the purchase price of a new automobile sold by appellee. This car was wrecked, repaired by appellee at a charge of $118.90, and was repossessed at appellee's place of business upon the payment by appellant to appellee of the cost of repairs. This car in due course was sold by appellant to the highest of three bidders for the sum of $655, which was credited on the note, leaving a balance due of $361.94, with interest from January 31, 1941, after allowance of credits for reserves and insurance premium refund. In each instance before selling the car appellant notified appellee of the repossession and offered him an opportunity to reclaim the car by the payment to it of the balance due on each note, but appellee did not avail himself of the opportunity in either instance. Appellant instituted this action to recover of appellee the sums allegedly owing it by reason of the transactions related above. In his answer appellee alleged that he was not given an opportunity to reclaim either of the automobiles before sale by paying the balance of the deferred payments, and relied on appellant's breach of contract in that respect as a bar to appellant's right to recover. But appellant stated in its brief that such notices and opportunities were given to appellee before the sale in each instance; and, as we have said, such statements will be, accepted by us as correct.

In his testimony appellee relied, not so much upon the failure of appellant to give him the opportunity to reclaim the cars, as upon the contention that appellant had accepted the cars from appellee and the principal debtors in full settlement of the debts sued on. But such

contention was not presented by the pleadings, and, since to avoid a debt settlement must be pleaded specifically, appellee may not now rely on this defense. Darraugh v. Denny, 196 Ky. 614, 245 S. W. 152. Thus, the only defense presented by the pleadings is not supported by the facts which, under our practice, we must accept as true, and the defense of settlement is not supported by the pleadings.

The suit was filed on the common law docket of the Court, but the case was transferred to equity. Although a motion was made to submit the issue of fact to a jury, it was not insisted upon, therefore was waived. The case was tried as an equitable action by the Chancellor, and will be so treated on this appeal. The Chancellor dismissed appellant's petition and entered judgment upon appellee's counterclaim in the sum of $100, the face value of the deferred certificate issued in the Jackson transaction. For the reasons above recited, this judgment must be reversed; and since we are treating it as an equitable action, it becomes our duty to direct the judgment to be entered. Hopkins' Ex'x v. Osborne, 278 Ky. 229, 128 S. W. 2d. 575, 142 A. L. R. 1403; Schumann v. Crook, 300 Ky. 352, 188 S. W. 2d 494. Wherefore, on return of the case the Chancellor will enter a judgment in accordance with the prayer of appellant's petition as amended.

Judgment reversed.