Clarence **HARDMAN**, Appellant,

v.

**OWENSBORO FORGING COMPANY** et al., Appellees.

Court of Appeals of Kentucky.

Jan. 24, 1958.

Joseph L. Banken and Dan M. Griffith, Jr., Owensboro, for appellant.

Ridley M. Sandidge, Bryon, Sandidge & Holbrook, Owensboro, for appellees.

CULLEN, Commissioner.

Clarence Hardman sought a workmen's compensation award for total permanent disability claimed to have resulted from an injury by accident sustained in his employment with the Owensboro Forging Company. The Workmen's Compensation Board found as facts that Hardman's disability was due to preexisting disease, and that he did not sustain a personal injury and disability as a result of the alleged accident. Accordingly, the board denied an award, and on appeal to the circuit court the order of the board was sustained. Hardman has appealed from the circuit court judgment.

The ground urged for reversal is that the compensation board based its decision upon an erroneous conclusion of law, namely, that where a disability is due to the combined effects of a current accident and of preexisting disease, requiring an apportionment of the percentage of disability attributable to the accident, the claimant is required to establish the apportionment by medical testimony. See KRS 342.005; Old King Mining Co. v. Mullins, Ky., 252 S.W. 2d 871. We do not interpret the board's opinion as resting its decision on such a conclusion.

Hardman claimed to have injured his back while pushing a wheelbarrow partly loaded with forgings, on June 3, 1955. He testified that he was unable to work following the accident.

Hardman is 60 years of age. In 1942, and again in 1945 and 1949, he had sustained injuries to his back while pushing a wheelbarrow, in the employ of the same company. In 1949 the injury was diagnosed as a herniated disc in the lumbar area, and an operation was recommended, which Hardman refused to have performed. He continued to work after having received these injuries, but most of the time his job was that of a foreman or inspector, which did not require heavy manual work. Occasionally, however, he was assigned to operate a drill press, in connection with which he was required to move forgings in a wheelbarrow, and he was performing this job when injured in 1955.

Before the hearing on his claim, Hardman was examined by two doctors, one employed by him and the other by the company. Both found him to be suffering from an inguinal hernia, advanced spinal arthritis, and a dorsal kyphosis, which conditions were not related to his injuries. In addition, he continued to suffer from the herniated disc, although there had been some improvement in the latter condition since 1949.

The doctor employed by Hardman, who had not previously attended him, testified that Hardman had a 50 percent disability, but did not purport to state what proportion of the disability was attributable to the 1955 injury.

The doctor employed by the company, who had examined Hardman after the injury in 1949 as well as after the 1955 injury, testified that Hardman's back trouble was due solely to the spinal arthritis and the herniated disc; that the arthritic condition was so advanced that any of a number of normal body movements could cause it to "light up"; that while the 1955 accident could have aggravated the condition the aggravation would have been only of short duration; and that Hardman could continue to work if he would wear a brace.

In its opinion, the board said that there was "no evidence by which the board

could fix any degree of disability resulting from" the 1955 accident, and that "the plaintiff has not sustained the burden of proof imposed upon him." We do not construe this as meaning that the testimony of Hardman and his doctor, standing alone, could not have been sufficient to enable the making of an apportionment of the percentage of disability attributable to the 1955 accident, but rather that such testimony, which dealt only with results and not causes, was not satisfactory to support an apportionment award in the face of the positive medical testimony that none of the claimed disability was attributable to the accident. In substance, the board simply chose to accept and believe the testimony of the company's doctor, and to reject as unsatisfactory the testimony of Hardman and his doctor. This the board was entitled to do, and since the testimony of the company's doctor constituted substantial evidence of probative value, the circuit court could not disturb the board's finding of fact based on that evidence.

The judgment is affirmed.