**Bessie H. MILLER, Appellant,**

v.

**OLIN MATHIESON CHEMICAL CORPO-
RATION et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 10, 1965.

Rehearing Denied Feb. 18, 1966.

J. T. Hatcher, Hatcher & Lewis, Elizabethtown, for appellant.

William Mellor, Louisville, for appellees.

HILL, Judge.

The Workmen's Compensation Board disallowed appellant's claim for compensation for the death of her husband as a result of myelogenous leukemia (cancer of the marrow of the bone). On appeal to the circuit court, the order of the Board was affirmed. This appeal followed.

James L. Miller, forty-seven years old at the time of his death, went to work for appellee on July 10, 1957. He continued to work regularly with no apparent physical disturbance, other than ordinary stomach disorder, until April 1962. He reported to the Mayo Clinic, Rochester, Minnesota, on December 10, 1962, where he was examined by Dr. M. M. Hargraves, a noted hematologist. His trouble was diagnosed as "chronic, myelogenous leukemia with associated liver trouble." After returning home December 15, 1962, he became acutely ill and died the following day from "extensive internal hemorrhaging."

During the period of his employment, deceased worked in appellee's chemical plant located at Brandenburg, Kentucky. The chemicals with which he worked included ethylene glycol, ethylene chlorahydrogen, propylene oxide, propylene dichloride, ethylene oxide, monobutyl, glycol ethers, dichloral ethyl ether, and ethylene dichloride. Dr. Hargraves testified that in his opinion the death of Miller was caused by exposure to chemicals during his employment at the Olin plant. He also stated that the "liver disfunction" was caused by the same exposure. Yet, he testified his theory was "unproved and unorthodox"; that there were other doctors with other theories "as uncertain as" he was; that his theory was unproved and may require a "half century" to establish; that he has no statistics to support said theory; and that there are no medical texts to support it.

Dr. Hargraves is a specialist with thirty-two years' experience and observation in one of the truly great medical clinics of the world. But his testimony is not positive.

Dr. Leonard J. Goldwater of New York City testified for appellee. He did not examine Miller but read the history and reports of Dr. Hargraves. His experience consists of public health work, teaching public health and insurance medicine at Columbia University, in examining and testifying for insurance companies, and other public jobs in New York City. He testified that Miller's disease was not work-connected.

It is shown in the evidence that statistics indicate death from leukemia since 1921 has diminished, while the presence of organic chemicals in the atmosphere has increased.

We have great respect for the qualification of Dr. Hargraves and for his opinion in this case, but careful examination of his testimony leads us to the conclusion that his opinion is too speculative to give it maximum weight favorable to appellant. He admitted his opinion was "educated speculation". After all, the weight to be given the evidence on a disputed question of fact is for the Board to determine. We have discussed the evidence to a limited extent only to determine whether the order of the Board is supported by substantial evidence. If it is, this Court will not substitute its judgment for that of the Board as to the weight of evidence on questions of fact.

In Miller v. National Cabinet Company, 8 N.Y.2d 277, 204 N.Y.S.2d 129, 168 N.E.2d 811, the Supreme Court of the State of New York set aside a compensation award for death from leukemia from exposure to benzene on the ground that the unproved theory of causation was too speculative.

It is apparent the Board determined the cause of Miller's death was too speculative.

The order of the Board is supported by substantial evidence and should not be dis-turbed. Hardman v. Owensboro Forging Co., Ky., 309 S.W.2d 339 (1958), and Consolidation Coal Co. v. Marcum's Adm'r, 289 Ky. 220, 158 S.W.2d 150 (1942).

It is our conclusion as is stated in Columbus Mining Co. v. Childers, Ky., 265 S.W.2d 443, 445 (1954): "that the evidence of the claim was not so clear-cut and convincing that we could justifiably conclude that the Board acted erroneously as a matter of law in reaching its additional finding that the injury (disease) did not arise out of and in the course of his employment." See also Lee v. International Harvester Company, Ky., 373 S.W.2d 418 (1963).

The judgment appealed from is affirmed.