**36**

Ben BYRD, Appellant,

v.

UNITED STATES STEEL CORPORATION
et al., Appellees.

Court of Appeals of Kentucky.

Jan. 27, 1967.

C. W. Napier, Jr., Hazard, for appellant.

William A. Rice, Harlan, Stuart E. Alexander, Frankfort, for appellees.

MILLIKEN, Judge.

This is an appeal from a judgment affirming an order of the Workmen's Compensation Board dismissing the claim of appellant, Ben Byrd, for total permanent disability compensation for silicosis, asserted against the appellees, United States Steel Corporation and the Special Fund.

Appellant was employed by the appellee company from 1925 until June 1962 when the section of the mine in which he worked was shut down. He loaded coal, drilled with a jack jammer, cleaned tracks, and served at various times as a rock duster, timber man and foreman. In March 1963, he learned from a physician that he was afflicted with an occupational dust disease, and he informed his employer thereof on May 30, 1963.

All of the physicians who have examined the claimant appear to agree that he is either totally or partially disabled; they do not agree, however, as to the cause of his disability. The physicians testifying for the claimant state that the X-rays they made of him reveal that he has silicosis. A contrary conclusion was reached by the physicians who examined him for the company; they found among other things that he is suffering from hypertensive cardiovascular disease. Dr. Anderson, a specialist in pulmonary diseases, was appointed by the Board to help it resolve the conflict in the medical testimony, and that physician concluded after a thorough examination of the claimant that he had no silicosis or work-connected occupational disease, but was suffering from cardiovascular disease which accounted for all his symptoms.

■ It is well established that when medical opinion evidence regarding a compensation claimant is in direct conflict, the decision of the Workmen's Compensation Board is conclusive. Ky.Digest, Workmen's Compensation, ⚭1939. That the opinions of the defense physicians and the appointed physician were not essentially inconclusive as contended by the claimant, is revealed by the following testimony:

Question to Dr. Henry F. Warden, Jr. (Bluefield, W. Va.):

Q– "Doctor, in your opinion, does this man have any occupational disease of any kind?"

A– "In my opinion he does not have any form of occupational disease."

Question to Dr. S. G. Davidson (Bluefield, W. Va.):

Q– "Dr. Davidson, in your opinion, does this man have silicosis?"

A– "He does not."

Question to Dr. William H. Anderson (Louisville), the Board appointed physician:

Q– "Did you find, Doctor, that the plaintiff is suffering from any disease of an occupational nature such as silicosis, pneumoconiosis, anything of that nature?"

A– "No I did not find evidence on the basis of this examination of any silicosis, pneumoconiosis or occupational disease."

■ Thus, as in Horton v. United States Steel Corp., Ky., 384 S.W.2d 73, this is not a case where the defense testimony is inconclusive but a case where the defense medical testimony was in direct conflict with the claimant's. Consequently, the judgment of the circuit court sustaining the decision of the Workmen's Compensation Board is affirmed.