**COMMONWEALTH of Kentucky, DEPART-
MENT OF ECONOMIC SECURITY,
et al., Appellants,**

v.

**Oliver HARRIS, Appellee.**

Court of Appeals of Kentucky.

May 23, 1969.

Robert J. Greene, Perry & Greene, Paintsville, Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, J. Keller Whitaker, Workmen's Comp. Bd., Frankfort, for appellants.

Burke & Justice, Pikeville, for appellee.

CLAY, Commissioner.

In this workmen's compensation case the Board found the employee to be 25-percent permanently partially disabled. On appeal by the employee to the circuit court, the latter found the employee to be 100-percent temporarily totally disabled. The trial court's opinion was that the Board had not made sufficient allowance for the employee's psychotic condition.

The employee had strained his back. After a week in the hospital he returned to work, but subsequently quit because of alleged low-back pains. He was examined

by several doctors, including a neurosurgeon, and the substance of their testimony was that his physical injury was minimal. He did, however, develop a "conversion" or a "depressive" reaction. He was examined by three psychiatrists. On the basis of the testimony of two of them, the Board could have found he was totally disabled. The report of a psychiatrist appointed pursuant to KRS 342.121, though in one respect seemingly inconsistent, may be reasonably construed as finding the employee had a disability of 10 percent from his physical injury and 10 percent from the psychotic condition. A prominent neurosurgeon was of the opinion that his disability was negligible if he would only go back to work. We quote from the opinion of the Board:

"Plaintiff had had very little medical treatment, but in an effort to prove and disprove any permanent disability which he might have, the depositions of nine doctors have been taken—including four orthopedic specialists, three psychiatrists, a neurosurgeon and a general practitioner. There exists such a state of disagreement among these medical experts that it would serve no useful purpose to indulge in extensive comment on their respective findings and conclusions. From a composite of the medical proof, it is made to appear that plaintiff sustained a lumbosacral strain or sprain as the result of the accident of January 16, 1967. This condition has become complicated by a 'depressive reaction secondary to low back pain' as described by one psychiatrist, and a 'psychic neurotic disorder conversion reaction' as described by another. It was testified that plaintiff had a dormant neurotic disposition which was triggered into disabling reality by the accident of January 16, 1967."

\* \* \* \* \* \*

"1. Plaintiff, Oliver Harris, sustained a traumatic injury on January 16, 1967, by accident arising out of and in the course of his employment with the defendant, of which he sustained a 25 per cent permanent partial disability to the body as a whole, 50 per cent of which is due to his traumatic experience on the aforesaid date and 50 per cent thereof due to the arousal of a dormant nondisabling pre-existing condition into disabling reality by his aforesaid injury."

The circuit court took the view that the Board had not sufficiently considered the evidence of the psychiatrists. What we have quoted above plainly refutes such a conclusion. The Board obviously did consider *all* of the medical evidence. Because of its divergent implications, the extent to which the employee was actually disabled presented a serious question. The Board had before it the report of the appointed psychiatrist which contained the following observations:

"In attempting to summarize an impression of Mr. Harris, based on this one interview, the highlights are his modest intellectual endowment, his somewhat inadequate personality and his limited adjustment to the demands of life. He is frankly hostile when he says, 'I want to get this settled—they got me injured and they have got to do something about it.' He seems to feel abused and used and even in a welfare training program was unhappy when asked to do things that he felt were 'tough jobs.' With this attitude, he seems to be reacting in a somewhat paranoid manner to what he regards as the injustices of a social system. In addition, with little objective evidence of any physical distress or disability, there is some small element of Conversion Reaction as he seeks to gratify his dependency wishes and to fantasize compensation through monetary gains or other avenues of expression."

It also may be noted that the other two psychiatrists who examined the employee had different opinions concerning the source and the nature of the employee's psychotic reaction. In the light of this evidence and the medical evidence of several other doctors, the Board was faced

with a difficult problem of determining to what extent the employee's attitude and disinclination to work created a compensable disability. The evidence would have justified a finding of lesser disability or more disability than the 25-percent permanent partial which the Board found. It was forced to exercise a discriminating judgment. We find nothing in this record which would *require* the Board to find 100-percent disability.

Where the medical evidence is in conflict, the decision of the Board is conclusive. Byrd v. United States Steel Corporation, Ky., 411 S.W.2d 36, 37; Young v. Bear Branch Coal Company, Ky., 434 S.W.2d 656. It is for the Board to determine the weight to be given evidence on a disputed fact. Miller v. Olin Mathieson Chemical Corporation, Ky., 398 S.W. 2d 472, 473; Shaw v. Sippi Products, Ky., 411 S.W.2d 926, 928. We are of the opinion the circuit court should have upheld the order of the Board.

The Special Fund raises a question as to whether it properly could have been charged for one-half of the award on the basis of the employee's pre-existing psychiatric condition, citing the cases of Holland v. Childers Coal Company, Ky., 384 S.W.2d 293; Cabe v. Olin Mathieson Chemical Corporation, Ky., 412 S.W.2d 250, 252; Ricky Coal Company v. Adams, Ky., 426 S.W.2d 464; City of Pikeville v. Maynard, Ky., 428 S.W.2d 202, 203; Young v. Bear Branch Coal Company, Ky., 434 S.W. 2d 656. The Special Fund did not appeal from the original award by the Board. Apparently it questions only the possible increase in its liability if the judgment of the circuit court is to be affirmed. Since we are reversing the judgment and directing reinstatement of the original award, the Special Fund may not now raise the issue of its liability thereunder.

The judgment is reversed, with directions to affirm the order of the Board.

All concur.