**John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky, etc., Appellant,**

**v.**

**Oliver HARRIS, Department of Economic Security, et al., Appellees.**

Court of Appeals of Kentucky.

May 28, 1971.

Martin Glazer, Dept. of Labor, Frankfort, Gemma M. Harding, Dept. of Labor, Louisville, for appellant.

Francis D. Burke, Joseph W. Justice, Burke & Justice, Pikeville, George Chad Perry III, Paintsville, J. Keller Whitaker, Workmen's Compensation Board, Frankfort, for appellees.

OSBORNE, Judge.

This appeal is a continuation of the controversy that was before us in Commonwealth of Kentucky, Department of Economic Security v. Harris, Ky., 441 S.W.2d 431.

Oliver Harris claims to have strained his back while employed by the Pike County Work Experience and Training Program of the Department of Economic Security. As a result of this claimed sprain, he filed a workmen's compensation proceeding claiming to be disabled. He was examined by several doctors, including a neurosurgeon, and the substance of their testimony was that his physical injury was minimal. He was then examined by two psychiatrists who testified that he had a conversion or depression reaction which was the result of a personality defect and as a result of this conversion reaction superimposed on the back injury he was to some extent disabled. The Board then used a third psychiatrist pursuant to KRS 342.121 who examined him and made a report to the Board. All psychiatrists basically agreed as to claimant's condition but did not agree as to his percentage of disability. The Board entered its finding awarding claimant 25% permanent partial disability to the body as a whole. This was appealed to the Pike Circuit Court which set the award aside and ordered the Board to enter an award of 100% permanent disability. Appeal was taken to this court. We set aside the order of the Pike Circuit Court and ordered the award of the Board reinstated for the very elementary reason that the Board had before it conflicting evidence as to the extent of disability and as the fact finder in the case its findings were conclusive in this respect. Commonwealth of Kentucky, Department of Economic Security v. Harris, supra.

Our opinion was handed down on May 23, 1969, and mandate was issued 31 days later. On July 2, 1969, claimant filed with the Board a motion to reopen the case on the ground of change of condition. In support of this motion an affidavit of Dr. Russell Meyers, a psychiatrist, was filed stating that claimant was totally disabled and the cause of that disability was psychogenic. Agreeing with all other psychiatrists who had testified in the case, he stated that claimant was suffering from a conversion psychophysiological reaction triggered into disability by the back injury. Dr. Meyers further stated in his affidavit:

"Whatever may have been the extent of disability in the past, it is my opinion that the patient is now totally disabled from engaging in substantial gainful activity. If any lesser percentage of disability has been fixed in the past, there has been a change of condition to the present state of total disability."

Dr. Meyers had not examined claimant at the time of the original proceeding. Solely upon the basis of Dr. Meyers' testimony the Board reopened the case awarding claimant permanent total disability, 15% against the employer and 85% against the Special Fund. This was appealed to the Pike Circuit Court and there dismissed for procedural reasons. We believe the judgment will have to be reversed.

Dealing first with the substantive question before us we have held several times that the Board has wide discretion in determining whether an award shall be reopened. Clear Fork Coal Co. v. Gaylor, Ky., 286 S.W.2d 519. However, it has always been the burden of the party moving for reopening to establish either a clear mistake by the Board or a change of condition. W. E. Caldwell Co. v. Borders, 301 Ky. 843, 193 S.W.2d 453. We have also recognized the fact that an award may be reopened where subsequent events indicate

that the award was substantially induced by a misconception as to the cause, nature or extent of disability at the time of the hearing, and justice requires its reexamination. Messer v. Drees, Ky., 382 S.W.2d 209.

■ These principles are all sound; however, each case must ultimately pass the test of judicial review based on its facts and here we can find nothing in the record that convinces us in any way that the Board's original opinion would have been any different had Dr. Meyers' evidence been before it at the time it was rendered. We find nothing in Dr. Meyers' testimony that indicates there has been a change in claimant's condition nor is it in any way so persuasive as to convince us that the Board made a mistake in its original award. The controversy actually before the Board in the original award was the percentage of disability. The testimony of each doctor was considered on the subject and a figure arrived at. To permit a party under this set of facts to bring in another doctor within two months after the mandate is issued from this court stating only that the award is wrong in the percentage arrived at would give a party the right to a complete second judicial proceeding merely because the result of the first is not to his liking. If this be permitted there could never be an end to litigation.

Turning now to the procedural question. The award of the Workmen's Compensation Board became final on December 8, 1969. KRS 342.285 requires that an appeal be taken to the circuit court within twenty days of the final order of the Board. On December 24, 1969, the Special Fund filed a petition for review with the Pike Circuit Court Clerk. The appeal was filed within the required period. Summons was not issued until after January 15, 1970. At the time the appeal was filed, counsel for the Special Fund accompanied the petition by a letter instructing the Clerk of the Pike Circuit Court how summons was to be issued. The letter stated:

"Please issue summons and see that the Sheriff of Pike County serves Oliver Harris, Ford's Branch, Kentucky; and that the Sheriff of Franklin County serves Mr. Merritt Deitz, Commissioner of Economic Security, Frankfort, Kentucky and J. Keller Whitaker, Director, Workmen's Compensation Board of Kentucky, Department of Labor, State Office Building Annex, Frankfort, Kentucky."

It was testified by the Clerk that she could not remember receiving the letter as it was a very busy time being Christmas Eve. The only excuse given by the Clerk for failure to issue summons was the holiday rush. The circuit court dismissed this appeal under CR 3 because no summons was issued in good faith. We are of the opinion the court was in error.

■ Appellee entered his appearance by filing an answer on January 14, 1970, and did not file his motion to dismiss because of the Clerk's failure to issue process until January 27, 1970. It has been held in this identical situation that the filing of an answer waives the right to object to the late issuance of process. Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S.W. 152. We know of nothing in the Civil Rules of Procedure that would alter the result reached in that case.

Even though the circuit court dismissed this appeal on procedural grounds and did not reach the merits of the case the parties have all briefed the case on its merits before this court and the entire record is here for review. For that reason we will direct the judgment to be entered by the circuit court upon remand. We believe this proceeding to be in harmony with the principles set out in Commercial Credit Co. v. Suter, 305 Ky. 151, 202 S.W.2d 416. The circuit court is directed to overrule the motion to dismiss the appeal and to enter a judgment directing the Workmen's Compensation Board to enter an order dismissing the motion to reopen.

Judgment reversed.

All concur.