Joseph A. **DARNALL**, Appellant,

v.

**ZIFFRIN TRUCK LINES** et al., Appellees.

Court of Appeals of Kentucky.

June 30, 1972.

As Modified on Denial of Rehearing
Oct. 6, 1972.

Robert C. Carter, Louisville, for appellant.

James M. Graves, Larry L. Johnson, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, of counsel, for Ziffrin Truck Lines.

James F. Perkins, Department of Labor, Frankfort, for appellee.

REED, Justice.

Joseph A. Darnall was injured in an automobile accident in June 1965. This accident occurred in a work-connected incident as a result of which Darnall claimed benefits for disability under the Workmen's Compensation Law. The board awarded him compensation for temporary total disability for 4⅔ weeks and his medical expenses. The award was entered in June 1967. Darnall was dissatisfied with the board's decision and appealed to the Jefferson Circuit Court. That court affirmed the board's award. In March 1969 Darnall filed a motion to reopen the award under provisions of KRS 342.125. Extensive evidence was taken and the board set aside its previous decision and awarded Darnall compensation for permanent and total disability from June 25, 1966, the date of his injury.

The employer appealed the board's action to the circuit court. The circuit court concluded that the board was unauthorized on the showing made to disturb its previous award. We agree with the circuit judge's conclusion, and therefore affirm the judgment from which Darnall appeals to this court.

The salient facts necessary for judicial disposition of the issue can be briefly stated. When Darnall filed his original claim, extensive medical evidence was taken. There was ample medical testimony that by reason of either orthopedic, neurologic or psychosomatic conditions, or a combination of them, a condition of total and permanent disability was present. There was other medical evidence, however, that no permanent disability had been sustained. On this conflicting evidence, the board in 1967 chose to believe the medical evidence to the effect that no permanent occupational disability resulted from the injury. The award of July 1967 was affirmed on Darnall's appeal.

In August 1967, a physician reported to Darnall's counsel that a condition called "fibromyositis" was present but that it was not traumatic in origin. In March 1969, nearly two years after the receipt of that report, the motion to reopen was filed in which a change of condition was claimed. The medical evidence introduced in support of the motion to reopen was given by a general practitioner and a board-appointed internist neither of whom had examined Darnall during the period on which the first award was based. The board-appointed internist expressed the opinion that the condition he found to be present had existed for some time and that it was not a result of a change subsequent to the board's original opinion and award. The general practitioner did not contradict that opinion.

The board's opinion specifically states:

"The plaintiff has proved, not that his condition has changed for the worse since the date of the award, but that the Board committed a mistake in awarding him no benefits for permanent disability, since it is now clear that he has been totally and permanently disabled since the date of the accident."

It is apparent that the administrative body with which we are here concerned merely retried the case and elected to disbelieve testimony that it originally accepted and to believe evidence of the existence of disability that it originally rejected. KRS 342.125 permits the board to review its award or to change or revoke its previous order upon a showing of change of conditions, mistake or fraud. Appellant does not contend that any fraud was practiced in the original proceeding nor does he seriously contend that there was a change in his condition, although he based his motion upon that ground. The board itself adopted the ground of mistake but we conclude that the cases of Young v. Harris, Ky., 467 S.W.2d 588 (1971), and Young v. Charles F. Trivette Coal Co., Ky., 459 S.W.2d 776 (1970), precluded the board's assumption of the situation presented by the evidence as a "mistake" within the meaning of KRS 342.125.

In Harris we said that an award could be reopened where subsequent events indicated that the award was substantially induced by a misconception as to the cause, nature or extent of disability at the time of the original hearing, but that each case must be judicially reviewed on its facts. We pointed out that there was nothing in the subsequently introduced medical testimony that indicated a change in the claimant's condition nor was it so persuasive as to convince us that the board made a mistake in its original award. In this case as in Harris, the original controversy was the existence and extent of permanent disability. The testimony of medical experts to the effect that the claimant was totally and permanently disabled was introduced, considered and weighed. According to Harris, to permit a party to thereafter bring in new physicians who testify only that the award was wrong in the first place, particularly after the award has been confirmed on judicial review, merely affords the right to complete a second judicial proceeding simply because the result of the first is not to the liking of the losing party. Harris declared that if such procedure were permitted there would never be an end to litigation.

In Trivette, contrary expressions in an earlier case were overruled and we squarely held that the right to reexamine an award is not so unlimited that a party may later merely introduce evidence that his disability was greater than he thought it was at the time of the original proceeding and secure an increased award in those instances where there has been no subsequent change of condition in which disability from a compensable injury has grown worse since the award. There is no evidence that the plaintiff's condition has worsened or changed in any way subsequent to the first award. The board was unauthorized to disturb its previous decision.

The judgment of the circuit court is affirmed.

All concur.