Carl CABE, Commissioner of Labor, Commonwealth of Kentucky, Custodian of the Special Fund, Appellant,

v.

OLIN MATHIESON CHEMICAL CORPORATION, Thomas H. Roberts, and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

March 3, 1967.

Stuart E. Alexander, Louisville, for appellant.

Marvin M. Sotsky, Louisville, for appellee, Roberts.

William Mellor, Louisville, for appellee, Olin Mathieson.

Robert Matthews, Atty. Gen., Frankfort, for appellee, Workmen's Compensation Bd.

DAVIS, Commissioner.

The basic issue at hand is whether the workmen's compensation award due to Thomas H. Roberts shall be paid by Olin Mathieson Chemical Corporation (hereinafter Olin) his employer at the time he was injured, or by the Special Fund. The Workmen's Compensation Board awarded Roberts compensation based upon 100% permanent disability, and ordered that the compensation should be paid by Olin. Upon appeal to the circuit court a judgment was obtained reversing the Board,

and imposing all of the unpaid liability on the Special Fund. It is to be noted that Olin has already paid compensation for the first 34⅗ths weeks, for the physical disability of Roberts (as distinguished from his pyschiatric disability), and the Special Fund stipulated its responsibility for the next 70⅗ths weeks of compensation, based on the fact that Roberts was employed by Olin at his regular salary during that time. This stipulated liability was based on KRS 342.120(5) in effect at the time of the 70⅗ths weeks involved.

The Special Fund contends that there was substantive medical testimony warranting the Board's finding that Roberts did not have a dormant non-disabling disease condition which was aroused or brought into disabling reality by reason of a subsequent compensable injury. Thus, it is reasoned, the familiar rule is applicable and the court exceeded its prerogative in substituting its judgment for the judgment of the Board as the fact finder. KRS 342.-285.

Roberts sustained physical injuries as the result of an explosion at Olin's plant on April 17, 1962. After Roberts had recovered from the objective physical injuries suffered in the accident he returned to his work for a brief period. He was unable to continue working due to a persistent psychoneurotic reaction.

Evidence unfolded before the Board reflecting that Roberts had endured certain experiences in World War II, which, along with his having been run over as a pedestrian by an intoxicated driver, had left him in a "mental disease condition" of a non-disabling nature. This condition, contends Olin, was aroused into disabling reality by the explosion incident. The Board then appointed Dr. Frederick C. Ehrman, a psychiatrist, pursuant to KRS 342.121, and the Special Fund was made a party before the Board.

Dr. Ehrman filed a report, dated November 11, 1965, in which he stated, in part:

"In attempting to answer the questions raised by the Board there did not appear to be any active disability plaintiff suffered prior to April 17, 1962. There also did not appear to be any laten (sic) non-disabling disease or other condition capable of being aroused or brought into disabling reality by reason of subsequent injury."

As provided in KRS 342.121(4) Olin filed timely objections to the report of Dr. Ehrman, asserting that it could demonstrate the inaccuracy of the report by taking Dr. Ehrman's deposition. The Board granted Olin's motion to take the deposition of Dr. Ehrman.

In giving the deposition Dr. Ehrman testified, in pertinent part:

"Q. What, in your opinion, Doctor, if anything, is actually the matter with this man now?

A. I would like to state categorically that I don't know, but in order to try to answer the question, it would appear that this individual has some basically passive dependent characteristics which have become somewhat more permanent since this accident and injury in 1962, * *."

* * * * * *

"Q. Doctor, you spoke of this passive condition that had become more pronounced. Did I understand you to mean that it is your thinking that this man, at the time of the explosion at Olin Mathieson, had a passive mental problem which was brought into active reality by the explosion?

A. Not a mental problem.

Q. Perhaps I used the wrong word. A mental condition?

A. Or, if I am understanding you correctly, not even a mental condition, because I think this is part of basic personality and makeup, and actu-

ally we are talking here about percentages, because we all have these characteristics to some extent, and up to that time it had never been crippling or bothersome or anything of that sort, and did not appear to really demonstrate itself until the accident and subsequent happening.

Q. Well, that's what I am getting at, Doctor. Do you have a thought concerning this man's previous condition, however you would describe it, as being something that was brought into active reality by the explosion at Olin Mathieson?

A. In that context, I'd have to say that the accident was contributory."

We think that a fair reading of the evidence of Dr. Ehrman sustains the conclusion that Dr. Ehrman did not testify that Roberts had any dormant non-disabling *disease* condition which was aroused or brought into disabling reality by reason of a subsequent compensable injury by accident. It is significant that the doctor carefully excluded the terms "mental problem" and "mental condition" as descriptive of Roberts' status prior to the 1962 explosion. Rather, in the doctor's language, he considered Roberts' status before the 1962 explosion as "a part of basic personality and makeup." We suppose each individual has basic personality and makeup in the sense used by Dr. Ehrman; some persons are more "nervous" than others, and some are able to take in stride the very experiences that will lead to "nervous breakdowns" in others. But we do not regard these basic personality propensities as dormant non-disabling disease conditions within the purview of KRS 342.120(1) (b). The Board had substantive evidence from Dr. Ehrman, whether by the initial report or by the report and deposition combined, warranting its finding that the disability of Roberts did not stem from a dormant non-disabling disease condition. In that state of case the circuit court was without authority to disturb the finding of the Board. KRS 342.285.

The judgment is reversed with directions to enter a new judgment affirming the Board's award.

WILLIAMS, C. J., and HILL, MILLIKEN, OSBORNE and PALMORE, JJ., concur.

STEINFELD, J., not sitting.