**CITY OF PIKEVILLE, Appellant,**

v.

**Hubert MAYNARD et al., Appellees.**

Court of Appeals of Kentucky.

May 24, 1968.

Jack T. Page, Stephens, Combs & Page, Pikeville, for appellant.

Burke & Justice, Pikeville, Martin Glazer, Thomas R. Emerson, Frankfort, Lewis Nicholls, Greenup, for appellees.

CLAY, Commissioner.

In this workmen's compensation case the employee, a policeman, suffered physical injuries when attempting to make an arrest. They caused no appreciable disability, but as the result of a "conversion reaction" the Board found him totally disabled and made an award against the employer. The Special Fund was made a party, but nothing was adjudged against it. This award was confirmed by the circuit court and the employer appeals.

No question is raised with respect to the employee's disability, and it is conceded to be psychiatric in nature. It is the employee's position that his disabling emotional status was the result of the injuries he received on January 23, 1965. The employer contends that he had received medical treatment for emotional problems for two years prior to that date and that his psychoneurosis was a dormant, nondisabling disease condition which was brought into disabling reality by reason of the subsequent compensable injury, and that under KRS 342.120 the Special Fund should be liable for compensation.

As authorized by KRS 342.315, the Board appointed Dr. Frederick Ehrman, a psychiatrist, to examine the employee. In his opinion the employee was basically a psychoneurotic before the accident and the onset of his "conversion reaction" was not caused by the accident. After such evidence was taken, the employer moved to have the Special Fund made a party defendant under KRS 342.120. This motion was sustained and thereafter the Board again appointed Dr. Ehrman to examine the employee under the provisions of KRS 342.121. In his report to the Board Dr. Ehrman stated that the employee "did not

have any pre-existing, dormant or nondisabling psychoneurotic disease prior to January 23". The rest of his report is somewhat equivocal in that it states his "pre-existing personality structure" was the real cause of his disability. However, Dr. Champ Ligon testified "it is likely that the illness is a direct result of the injury received in January 1965".

The finding of the Board was in substance that the employee's prior psychoneurosis could not be properly characterized as a "pre-existing dormant disease condition".

In Holland v. Childers Coal Company, Ky., 384 S.W.2d 293, we held "A low-threshold emotional breaking point, as such, could hardly be so classified". In Cabe v. Olin Mathieson Chemical Corporation, Ky., 412 S.W.2d 250, we held that the "basic personality and makeup" of a person is not a *disease* condition.

█ We are of the opinion that the employee's emotional condition existing prior to the injuries is of substantially the same character as that considered in the two cases just cited. On the basis of the medical evidence and the report of Dr. Ehrman, the Board could justifiably find that such condition was not of such nature as that contemplated by the statute. While the employee's emotional status possibly could be considered a personality defect, it was not as a matter of law a "disease condition" which would require apportionment of the award. The evidence supported the Board's finding and we may not set it aside. E. I. DuPont De Nemours & Company v. Whitson, Ky., 399 S.W.2d 734.

█ The other question raised is whether the employer's objection to the testimony of Dr. Ligon should have been sustained because, while introduced in rebuttal, it was not rebutting any evidence presented in chief. The order of proof was: Dr. Clarke, for the employee, who referred to his emotional condition; Dr. Murphy, for the employer, who found no specific cause of disability; then Dr. Ligon, who tied the disability to the accident. It is true the latter's testimony could, and perhaps should have been taken in chief by the employee, and it was not strictly rebuttal testimony. However, after the preceding testimony of Dr. Clarke and Dr. Murphy, it was clear that something was wrong with the employee which had not been fully explained. We think under the peculiar circumstances of this case the Board properly permitted the employee to introduce the evidence of Dr. Ligon to enable it to evaluate the employee's true condition and the cause or causes thereof. In this particular case, where disability was not in dispute, we think the technical order of proof should not be held to defeat the just claim of the employee.

The judgment is affirmed.

MONTGOMERY, J., not sitting.

WILLIAMS, C. J., and HILL, MILLIKEN, PALMORE and STEINFELD, JJ., concur.