John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,

v.

BEAR BRANCH COAL COMPANY, Inc., et al., Appellees.

Court of Appeals of Kentucky.

Nov. 15, 1968.

John B. Breckinridge, Atty. Gen., Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellant.

William J. Baird, Edward R. Hays, Baird & Hays, Pikeville, for appellee-employer.

Ronald W. May, Pikeville, for appellee Otto Belcher.

CLAY, Commissioner.

In this workmen's compensation case the employee was found to be totally and permanently disabled, and that finding is not questioned. It appearing that the disability was largely attributable to psychoneurosis, the Special Fund was made a party. The Workmen's Compensation Board concluded that the employee's psychoneurotic disorder was not a "pre-existing dormant but nondisabling diseased condition" under KRS 342.120(1) (b) and, therefore, the Special Fund was not liable for compensation. On appeal the circuit court made a contrary finding and imposed on the Special Fund the obligation to pay all compensation except that payable by the employer for a short period of temporary total disability.

The doctors agree that the employee's disability has a psychiatric basis. Apparently a slight physical injury to his skull triggered what is known as a Conversion Reaction. This creates a situation in which the injured person converts his emotional disturbance into physical symptoms. In plain language, the employee thinks he hurts, although the objective symptoms cannot be correlated with his distress.

The Special Fund must contribute to the employee's compensation in this case *only* if he "is found to have a dormant non-disabling *disease condition* which was aroused or brought into disabling reality by reason of a subsequent compensable injury by accident or an occupational disease." KRS 342.120(1) (b). (Emphasis added)

Two doctors examined the employee and they agreed that his disability resulted from a psychophysiological reaction. They traced this to a "personality need" or "personality structure". His history shows that prior to the accident he had two attacks of "nerves" for which he had been treated and for which he received veterans' compensation.

A physician was appointed under KRS 342.121 to determine if the liability for

compensation should be apportioned between the employer and the Special Fund. This doctor reported:

> "The only nondisabling condition capable of being aroused into disabling reality by reason of subsequent injury would be his personality structure. While possibly compromised by this, he was not suffering appreciably from it prior to February 1, 1966." (Date of injury.)

■ We think the medical evidence established that the employee had a dormant nondisabling emotional or mental condition which was brought into disabling reality by his physical injury. This conclusion, however, does not resolve the basic question in the case. That question is whether the employee's psychiatric situation existing prior to the injury was a *"disease* condition". (Emphasis added) While a determination of this question may involve to some extent a matter of statutory interpretation, it is basically a medical question.

We have recently had three cases presenting the problem. In Cabe v. Olin Mathieson Chemical Corporation, Ky., 412 S.W.2d 250, and City of Pikeville v. Maynard, Ky., 428 S.W.2d 202, we upheld the Board's finding that a psychoneurotic condition was not a disease which would subject the Special Fund to apportionment liability. In Ricky Coal Company v. Adams, Ky., 426 S.W.2d 464, however, we in effect reversed the Board on the ground that a pre-existing pattern of abnormal reaction to injury so contributed to the employee's disability that it must be classified as falling within the scope of a "disease condition".

It may be observed that in all three of the above cases Dr. Frederick Ehrman, a psychiatrist, testified. He likewise testified in the present case. In the Adams' case he was specifically asked if conversion hysteria was a pre-existing disease condition but he did not give a categorical answer. He was not asked that question in Cabe or City of Pikeville, nor in the present case.

Subsection (1) (b) of KRS 342.120 requires the existence of a dormant "disease condition" to authorize apportionment. In our opinion this is primarily a medical question, and in cases of this kind expert opinion evidence should be elicited with respect thereto. Physicians may be unwilling to give a categorical answer, but surely they are in a position to state whether or not the pre-existing condition which contributes to a "conversion reaction" may be fairly characterized as a "disease".

In the three cases above cited, and in the present one, the medical evidence was principally directed to the existence of a serious pre-existing neurotic condition and whether it had been theretofore disabling. While under subsection (1) (a) of KRS 342.120 a pre-existing *disabling* condition may require apportionment regardless of its nature,[1] under subsection (1) (b) of that statute (here applicable) a *nondisabling* condition must fall within the classification of a "disease". (The form letter which the Board directs to a physician appointed under KRS 342.121 is inaccurate and may contribute to an unsatisfactory report in that it refers to a "nondisabling disease or other condition", whereas, the statute (KRS 342.120(1) (b)) does not recognize such an alternative *other condition.*)

■ The Board's finding that the employee's "disorder" did not result from a "pre-existing dormant but nondisabling diseased condition" is somewhat ambiguous. We do not know if the Board found that the condition did not pre-exist, or that it was not dormant, or that it was priorly disabling, or was not a disease; although we are inclined to believe the principal finding was the latter. Under the circumstances we deem it proper to direct remand of the case for the taking of further medical proof

[1] "whether from a compensable injury, occupational disease, pre-existing disease, or *otherwise.*" (Emphasis added).

directed to the question of whether or not the employee's condition (assuming it was dormant and nondisabling) may be medically characterized as a "disease condition", and for a specific finding on the determinative essential factors which require apportionment under KRS 342.120(1) (b).

The judgment is reversed, with directions to remand the case to the Workmen's Compensation Board for further proceedings consistent with this opinion.

HILL, MILLIKEN, PALMORE, STEINFELD and WILLIAMS, JJ., concur.

MONTGOMERY, C. J., dissents.