## 88 ■

**MERIT CLOTHING COMPANY, Appellant,**

v.

**Mary Virginia JEWELL et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 16, 1970.

Andrew J. Russell, George R. Effinger, Boehl, Stopher, Graves & Deindoerfer, Paducah, for appellant.

Farland Robbins, Mayfield, Martin Glazer, Thomas R. Emerson, Frankfort, for appellees.

DAVIS, Commissioner.

In this proceeding the Workmen's Compensation Board awarded Mary Virginia Jewell temporary total disability benefits for approximately six weeks and, thereafter, benefits based upon the Board's finding of 10% permanent partial disability. The Board absolved the Special Fund of all liability.

Upon appeal by Jewell, the employee, the circuit court upset the Board's award respecting the extent of permanent disability and remanded the case to the Board for further consideration. The circuit court affirmed the Board's order absolving the Special Fund, which is a formal appellee, against which no relief is sought by any party.

About 10:30 a. m. on February 23, 1966, Jewell lost her footing while performing duties for her employer. She did not fall, nor strike any object, although she experienced pain in her back. Although Jewell continued her work until noon, she noted pain in her back that afternoon at home. A physician prescribed muscle relaxants and a drug for relief of pain.

Subsequently, Jewell was examined and treated by Dr. Hunt, an orthopedic surgeon, and Dr. Schwartz, a neurosurgeon. Dr. Hunt felt that Jewell's problem was attributable to a herniated vertebral disc, but Dr. Schwartz disagreed. After a brief period in traction and with a prescribed back brace, Jewell resumed her duties for appellant on April 12, 1966. However, she worked only four days, at the end of which she quit work. She had not resumed work when this proceeding was heard by the Board.

Based on Jewell's history of emotional disturbances, including an emotional

"breakdown" ten years earlier, chronic absenteeism due to various medical problems, including six miscarriages, severe hemorrhoid problems, a hysterectomy, and other surgical procedures, the Board appointed Dr. Frederick Ehrman, a neuropsychiatrist, to examine Jewell. KRS 342.121. Dr. Ehrman furnished an initial report, gave his deposition, and made a subsequent "final" report.

In substance, Dr. Ehrman described Jewell's condition as a "conversion reaction" which was precipitated by the incident of February 23, 1966, acting upon her "basic personality structure." There was some inconsistency in the three reports of Dr. Ehrman, but in his final report he stated, in part:

> "The only intelligent thing I could have said with any certainty is that I believed her to be 25% disabled (she believes 100%). This disability prevented her from functioning at her job. This emotional reaction was made possible by the incident of February 23, 1966, because her personality structure used the incident to seek disability at both conscious and unconscious levels. Of this 25% disability, half of it could be attributed to purely personal matters, and the other half to the alleged trauma associated with the incident."

In the same report, Dr. Ehrman characterized Jewell's disability as "non-permanent." It will be recalled that he had stated earlier that Jewell might well show marked improvement after her compensation claim is settled.

■ The Board, the trial court, and the litigants recognized that Jewell's "personality structure" was not a dormant disease condition within the meaning of KRS 342.-120(1) (b). Hence, it was proper to absolve the Special Fund. Cabe v. Olin Mathieson Chemical Corp., Ky., 412 S.W.2d 250.

It was the view of the circuit court that the Board had ignored the testimony of Dr. Ehrman; hence, the circuit court's order of remand.

■ It appears, however, that the Board specifically considered the entire record, particularly including the irreconcilable views of Dr. Hunt and Dr. Ehrman.[1] The Board exercised its prerogative as a fact finder when it chose not to be completely persuaded by either medical point of view. Once again, we are confronted with a situation in which it may not be said that the evidence for the claimant was so overwhelming as to make a contrary finding clearly erroneous. In such case, the finding of the Board will not be disturbed. KRS 342.285. Royal Crown Bottling Co. v. Bedwell, Ky., 449 S.W.2d 767, and cases compiled in 19 Ky. Digest 2, Workmen's Compensation, ◎1939. It was error for the circuit court to disturb the Board's findings in these circumstances.

The judgment is reversed with directions to affirm the original order of the Board, and affirmed to the extent that the Special Fund is absolved of liability.

All concur.

---

1. Specific objections to Dr. Ehrman's report were seasonably filed. Hence, his report was not conclusive pursuant to KRS 342.121(4).