Donnie ADKINS, Appellant,

v.

CANEY BRANCH COAL COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Oct. 30, 1970.

Rehearing Denied Dec. 18, 1970.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

E. R. Hays, Pikeville, J. Keller Whitaker, Workmen's Compensation Bd., Martin Glazer, Dept. of Labor, Frankfort, for appellees.

VANCE, Commissioner.

In this workmen's compensation case, the appellant claimed total and permanent disability as a result of an injury to his back. He had suffered previous back injuries and the board pursuant to KRS 342.121 ordered him to submit to an examination by Doctor Robert L. Keisler.

Doctor Keisler filed his report stating in substance that the appellant was thirty percent disabled to the body as a whole for heavy occupations but that this disability was due to a congenital defect which existed prior to the injury complained of. The import of the doctor's report was that the injury had caused the appellant some temporary disability which would subside, leaving him in virtually the same condition as before the injury, with no permanent disability whatever except for the congenital defect.

The appellant filed objections to the report on the ground that it "failed to disclose all the information which the board needs for a determination and award in this case." He also moved for leave to take the deposition of Doctor Keisler which was granted. The doctor was ques-

tioned during this deposition about his findings but he did not alter them in any respect.

The board considered the medical findings of Doctor Keisler conclusive and ignored medical proof submitted by appellant of total and permanent disability. The award, granting temporary disability only, was affirmed by judgment in the circuit court and this appeal is from that judgment.

KRS 342.121(4) provides:

"(4) The decision or award in the case shall conform to the findings and conclusions in such report in so far as restricted to medical questions; provided, however, that any such findings and conclusions may be set aside, reversed or modified, by the board's award or decision, in case an application for review is made to the board within ten days after the report is filed with the board and the interested parties notified, subject, however, to the following special provisions; no such findings of the physician shall be subject to review unless specific objections thereto shall be filed with the board by a party in interest within the time limited in which to apply for review of such report."

In order to preserve a review of clear and unequivocal findings of a physician appointed under this statute, it is necessary that objections be filed to the doctor's report which show specifically the nature of the objections and the specific question or finding as to which review is sought. Young v. City Bus Co., Ky., 450 S.W.2d 510 (1970) and Ed Hall Drilling Co. v. Profitt, Ky., 424 S.W.2d 403 (1968).

While admitting that the objections filed by him were not sufficiently specific to meet the requirements of these cases, the appellant contends that his taking of the deposition of Doctor Keisler relieved him of the necessity of filing specific objections to the doctor's report. He relies upon McCown v. Hellier Elkhorn Coal Co., Ky., 399 S.W.2d 719 (1966).

Although this case contains language which would indicate that the taking of the deposition is equivalent to the filing of objections, a closer study of the case will show that it is not authority for that position. In that case the court-appointed physician had made a finding of fifteen percent disability to the body as a whole. No objections were filed to the report but his deposition was taken wherein it was established that the fifteen percent disability referred to functional rather than occupational disability.

Percentage of physical limitation is a medical question but percentage of occupational disability caused thereby is a question to be determined by the board and the board is required to translate the percentage of functional disability into percentage of occupational disability. No objection to a medical report is required to authorize the board to make such a translation. Ed Hall Drilling Co. v. Profitt, supra, and Kilgore v. Goose Creek Coal Co., Ky., 392 S.W.2d 78 (1965).

Thus the deposition of the doctor in McCown v. Hellier Elkhorn Coal Co., supra, was in fact in the nature of a clarification of the doctor's report rather than an objection to it. It served to permit the doctor to enlighten the board as to whether his percentage of disability shown in the report referred to functional or occupational disability but it in no wise affected the conclusive nature of the doctor's findings or permitted the board to consider any contradictory evidence in making its award.

Since there was no specific objection in this case to Doctor Keisler's finding that appellant was only temporarily and not permanently injured, the award of the board based upon those findings was correct and the judgment upholding the award is affirmed.

All concur.