John W. YOUNG, Commissioner of Labor, et al., Appellants,

v.

Ercil MULLINS et al., Appellees.

Court of Appeals of Kentucky.

Nov. 6, 1970.

Martin Glazer, Dept. of Labor, Frankfort, Gemma M. Harding, Dept. of Labor, Louisville, for appellants.

Kelsey E. Friend, Pikeville, for Ercil Mullins.

E. R. Hays, Pikeville, for Mile Tree Mining Co.

REED, Judge.

In this workmen's compensation case, the employee, Ercil Mullins, was injured in a work-connected accident when an electric drill caught and struck him in the side of his head; his employer was Mile Tree Mining Company. During the course of proceedings on Mullins's claim for compensation benefits from Mile Tree, the Special Fund was made a party.

The board appointed a physician to examine Mullins and report on the questions of extent of disability and apportionment as required by KRS 342.121. The board sustained Mullins's exceptions to the report filed by the board-appointed physician. Mullins was adjudged totally and permanently disabled from an occupational standpoint. The work-connected injury was declared to be responsible itself alone for 5 per cent of the total disability and liability for compensation benefits was awarded against Mile Tree, the employer, on this basis. Because of the arousal of a pre-existing, dormant, nondisabling disease condition which was triggered into disabling reality by the work-connected injury, 95 per cent of the total disability was adjudged the responsibility of the Special Fund; the Fund was ordered to pay compensation benefits to Mullins pursuant to this apportionment. The Fund appealed to circuit court where the board's award was upheld. We reverse.

The medical evidence is preponderant that Mullins is totally and permanently occupationally disabled. The same medical evidence is in conflict concerning whether Mullins had a pre-existing, dormant, nondisabling mental condition caused by dis-

ease, or merely had a personality defect which could not be considered a disease condition. Cf. Cabe v. Olin Mathieson Chemical Corp., Ky., 412 S.W.2d 250 (1967); City of Pikeville v. Maynard, Ky., 428 S.W. 2d 202 (1968).

The medical evidence adduced by the parties to the claim, employee and employer, varied greatly concerning the extent of the contribution of the pre-existing mental condition, caused by disease or otherwise, to the resulting occupational disability after the work connected accident. A physician was properly appointed by the board (KRS 342.121).

■ The report of the appointed physician was specific. The report found that Mullins was 20 per cent functionally impaired; 5% functional impairment was attributed to the work-connected injury; 5% functional impairment was attributed to arousal of a "conversion reaction"; 10% functional impairment was attributed to a pre-existing disability incurred in army service. Mullins' objections to this report were that it was "vague and inconsistent." Since the very purpose of the report is to afford disinterested medical findings where the medical evidence adduced by the parties is in conflict, the unsupported and unexplained exceptions on the expressed grounds of "vagueness" and "inconsistency" were insufficient to destroy the binding effect of the report on medical questions where it was responsive and specific.

■ The Special Fund excepted only to the portion of the report that treated "conversion reaction" as a pre-existing disease condition. This objection was sufficiently specific and called into question only this aspect of the report. Ed Hall Drilling Co. v. Profitt, Ky., 424 S.W.2d 403; Young v. City Bus Company, Ky., 450 S. W.2d 510. The board, of course, in the absence of any exceptions was obligated to translate the functional impairment ratings into percentages of occupational disability.

■ When all of the medical evidence is considered on the only aspect of the report called into question by sufficient exception, it appears that the board's finding that the pre-existing mental condition was caused by disease rather than a mere personality defect is supported by substantial evidence. Therefore, since the report remained binding on all other medical questions, there was nothing left for the board to do except determine percentages of occupational disability from the functional impairment ratings assigned in the report. The apportionment should be made in accordance with Young, Commissioner of Labor v. Campbell et al., Ky., 459 S.W.2d 781 (decided Oct. 16, 1970), and Young, Commissioner of Labor v. Young et al., Ky., 460 S.W. 2d 832 (decided November 6, 1970).

The judgment is reversed, with direction to enter a new judgment setting aside the board's award and remanding the case to the board for the entry of a proper award consistent with this opinion.

All concur.