John W. YOUNG, Commissioner of Labor, etc., Appellant,

v.

FLOYD COUNTY MINING ENGINEERING COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Nov. 27, 1970.

Martin Glazer, counsel, Dept. of Labor, Thomas R. Emerson, Atty., Special Fund, Dept. of Labor, Frankfort, for appellant.

Fred G. Francis, Howard, Francis & Howard, Scott Collins, Prestonsburg, for appellees.

STEINFELD, Judge.

Appellee, Frank Goble, an engineer, suffered three work-connected injuries. In 1953 (or possibly 1952) he hurt his back while employed by Rimmer Engineering Company and on the basis that he was thereby disabled 20% to the body as a whole he received a settlement of $1,300 under the Workmen's Compensation Law. Later he returned to full-time employment apparently free of occupational disability. On December 28, 1967, while working for appellee, Floyd County Mining Engineering Company, Goble's hip was crushed in a slate fall. He resumed work July 1, 1968, at his full regular salary and continued with that employer, at least on a part-time basis, until January 2, 1969, when his knee was injured in a work-connected automobile accident. He did not work thereafter.

Goble filed claims for disability caused by the 1967 and 1969 injuries which claims were consolidated. He testified that the 1953 accident caused him no disability in an occupational sense, and that for seventeen years he worked as a mine surveyor, during which time he became a licensed surveyor (KRS 322.410); that the 1967 accident incapacitated him for about six months but thereafter he was reasonably able to follow his profession until he sustained the 1969 injury. He said then he became and is unable to work.

Dr. George M. Gumbert testified *only* as to Goble's 1967 hip injury. He estimated a present 50% permanent disability all attributable to the hip injury. Dr. Samuel O. Hodges who treated Goble for his 1969 knee injury testified that 5% to 10% of his disability resulted from the knee injury and the remainder from the hip injury. He also said that the 1953 injury with the spinal fusion was not a disabling factor. Engineers and executives in the mining industry told of Goble's condition as they knew it and said that they would not hire him as an engineer because of his disability, although there was demand for such employees in that area.

The board then ordered the Special Fund made a party (KRS 342.120) and appointed Dr. K. Armand Fischer as the independent examining physician. KRS 342.121. A

summary of his report with respect to apportionment of disability is as follows:

| | |
|---|---|
| 1952 accident—Partial permanent disability | 15% |
| 1967 accident—Partial permanent disability | 15% |
| Arousal of dormant non-disabling disease condition by 1967 accident | 0% |
| 1969 accident—Partial permanent disability | 5% |
| Aggravation by 1969 accident of 1967 injury into further disability | 5% |
| Total | 40% |

■ Mining Engineering Company contends that the objections filed to the medical report were not specific, therefore, it is "the exclusive yardstick" and is not subject to review. KRS 342.121(4). Ed Hall Drilling Company v. Profitt, Ky., 424 S.W. 2d 403 (1966). It argues that the report "* * * is clear, conclusive, unequivocal, complete and unambiguous, therefore, the award must conform." Deby Coal Company v. Caldwell, Ky., 383 S.W.2d 905 (1964). The objections charge that the work evidence disputes the conclusion that "* * * the 1952 injury resulted in 15% disability to the body" as reported by Dr. Fischer. Another charge is that the report omitted to say "whether the limitation in bending is due to the 1952 back injury or the 1967 hip injury * * *". KRS 342.004 requires that we give liberal construction to KRS 342.121(4). We find sufficient specificity in the objections to subject the medical report to attack. Kerns Bakery v. Hodges, Ky., 377 S.W.2d 88 (1964); Young v. Ashland Oil & Refining Co., Ky., 442 S.W.2d 286 (1969) and Young v. Mullins, Ky., 459 S.W.2d 593 (decided November 6, 1970). Other objections were either general, predicated on inaccuracies of the objector or misconceptions of law.

The board found "* * * that (Goble) had no prior active disability at the time of his (1967 and 1969) injuries", then translated the disability estimates furnished by medical testimony into 100% occupational disability. Cf. Columbia Coal Company v. Griffie, Ky., 425 S.W.2d 755 (1968). It found against the employer on the basis that Goble was "* * * totally disabled

as the result of his two injuries sustained on December 28, 1967, and January 2, 1969" (KRS 342.095) and dismissed the Special Fund.

The employer appealed to the circuit court, conceding Goble's total and permanent disability, but contending that the Special Fund was liable for one-half of the benefits. That court reversed holding that the award should be so apportioned. The Special Fund appealed. We reverse.

In its findings of fact the circuit court said Goble "* * * had a physical disability that limited him in the amount of work that he could do by reason of both the injury of 1952 and the injury of December 1967 (and that the) third injury (1969) caused him additional disability * * *". It adjudged that Dr. Fischer's report required that "* * * the employer should be held liable for one-half of claimant's total disability (15% due to the accident of December 28, 1967, and 5% attributable to the injury of January 2, 1969), and the Special Fund should be held liable for the other 50% of his total disability (15% due to the pre-existing disability from the 1952 injury and 5% due to the aggravation of the pre-existing injuries). The Special Fund "* * * should also pay the difference between the permanent partial disability apportioned to the employer and the amount of the increase in the award due to total disability calculations."

On this appeal the Special Fund contends "The disability attributed to the 1952 injury (and 1967 injury) is not something for which the Special Fund is liable * * *. This is an active manifest condition and not now compensable by the Special Fund. Goble may be totally and permanently disabled but disability attributed to the 1952 injury should have been deducted from any award Goble received." It argues that "* * * none of the medical testimony * * * supports an award * * * against the Special Fund * * *", and refers us to the following testimony of

Dr. Gumbert which it says absolves the Special Fund.

"Q. 30. Is this man's present disability * * * due to this accident of December 28, 1967?

A. Yes, sir.

Q. 31. Was there any contributing factor?

A. No.

Q. 32. Did you have a history of or did your examination reveal a pre-existing disease or diseased condition which contributed to the patient's disability?

A. No, sir."

The test is not whether the testimony of one physician absolves the Special Fund, but whether evidence of probative value would sustain an award against it.

 No physician testified that the 1952 injury was aroused by either the 1967 or 1969 accident, therefore, no liability may be imposed on the Special Fund with respect to it. The only evidence of arousal of a pre-existing condition was Dr. Fischer's report that the 1969 accident aroused to the extent of 5% (functionally) the 1967 hip injury, however, with Dr. Gumbert's statement that all disability was the result of the 1967 hip injury and Dr. Hodges' opinion that all disability came from the combination of the 1967 and 1969 injuries, the board had the basis for saying " * * * it appears that plaintiff was able to perform his duties completely after his 1952 spinal fusion and we find that he had no prior active disability (from it) at the time of his subsequent injuries." All medical questions having been put in issue by the objections the board could not ignore the uncontradicted proof that Goble was able to work after the 1967 accident but unable to continue after the 1969 incident.

 As we announced in Young v. Campbell, Ky., 459 S.W.2d 781 (modified on November 6, 1970), KRS 342.120(3) requires the board to take certain steps to determine, in this type of case, on whom liability should be imposed and its allocation, if any. It has taken one of the steps holding that the 1952 injury produced no apportionable disability in 1967 or 1969. Russell Construction Co. v. Workmen's Compensation Board, Ky., 397 S.W.2d 357 (1965). That step we have approved. Now, from the conflicting evidence it must find what percentage of occupational disability was caused solely by the 1967 accident and then it must find what percentage of occupational disability was caused solely by the 1969 accident. Since both claims were open and unadjudicated, liability for the independent occupational disability caused by each of those two injuries falls on appellee, Floyd County Mining Engineering Company, Goble's employer on both of those occasions. The remaining percentage, if any, of Goble's resulting occupational disability caused by the combination of the 1967 and 1969 injuries falls on his employer, but that employer is entitled to reimbursement to that extent from the Special Fund. We deem it appropriate to note that the consolidation of the claims for procedural purposes and the fact that Goble was employed by the same employer do not change the ultimate obligation of the Special Fund as such. The exclusion provided for by KRS 342.120 (4), reducing the amount the Special Fund is required to reimburse the employer, is effectively accomplished by imposition of liability for the 1967 injury upon the employer. Cf. Young v. Young, Ky., 460 S.W.2d 832 (decided November 6, 1970).

The judgment is reversed with directions to enter judgment reversing the award and directing further proceedings by the Workmen's Compensation Board consistent with this opinion.

All concur, except EDWARD P. HILL, Jr., C. J., not sitting.