John W. YOUNG, Commissioner of Labor of
the Commonwealth of Kentucky,
etc., Appellant,

v.

Dixie WOOLUM et al., Appellees.

Court of Appeals of Kentucky.

May 28, 1971.

Martin Glazer, Thomas R. Emerson,
Dept. of Labor, Frankfort, for appellant.

E. R. Hays, Baird & Hays, Kelsey E.
Friend, Friend & Mullins, Pikeville, for
appellees.

STEINFELD, Judge.

Appellee, Dixie Woolum, a 49-year-old
nurse's aid with an eighth-grade education,
was employed by appellee, Williamson Ap-
palachian Regional Hospital. She claimed
benefits under the Workmen's Compensa-
tion Act alleging that on June 14, 1968, she
injured her "back, limbs, head and nerves"
while lifting a patient. The board found
that she was totally disabled from that date
until March 3, 1969, and awarded her com-
pensation for that period. It also conclud-
ed that after March 3, 1969, she was per-
manently partially disabled to the extent of
10%. It granted an award accordingly,
fixing all liability on the employer and dis-
missing the Special Fund which had been
brought in under KRS 342.120(1).

■ Mrs. Woolum appealed to the circuit court which found that she was totally and permanently disabled, that 90% of her disability was attributable to the arousal of a dormant pre-existing disease and 10% to the injury. It reversed the dismissal of the Special Fund, adjudged it liable for 90% of the award and affirmed the board's holding that the employer was liable for 10%. Only the Special Fund has appealed from that judgment, therefore, we consider only the question of whether the trial court was correct in imposing liability on the Special Fund. Cf. Department of Economic Security v. Adams, Ky., 450 S.W.2d 819 (1970) and Young v. Gardner Oldsmobile, Inc., Ky., 464 S.W.2d 802 (1971).

Before the board Dr. Russell Meyers testified that Mrs. Woolum was totally disabled from an occupational standpoint with functional disability of 30%. He apportioned 85% of the occupational disability to the arousal into disabling reality of the psychophysiological reaction by the injury of June 14, 1968. The remaining 15% he attributed to the injury.

Dr. K. Armand Fischer, who was appointed pursuant to KRS 342.121(1), answered every question propounded by the board, and reported that Mrs. Woolum had "narrowing of the lumbosacral disc (which) preceded the accident (that it) aggravated this condition into disabling reality (that) she also sustained some disability as a result of the accident * * *". He described the pre-existing condition as "narrowing of the lumbosacral disc and downward shifting of the lower lumbar facets" and said, "(S)he has some abdominal protrusion and an increased lordosis with some rounding of her spine." He estimated that she was 25% disabled, one-half of which was due to the injury and one-half to aggravation of the pre-existing condition.

■ Only Mrs. Woolum filed objections to that report. KRS 342.121(4). She charged that it did not answer the questions propounded by the board, that the report " * * * is vague, indefinite and uncertain" and that it conflicts with the lay and other medical evidence which is based on a more thorough medical examination.

The Special Fund argues that the objections were not specific and under our expressions in Ed Hall Drilling Co. v. Profitt, Ky., 424 S.W.2d 403 (1966), and Merit Clothing Co. v. Jewell, Ky., 459 S.W.2d 88 (1970), the board was required to follow the report. We hold the objections not to be specific within the requirement of KRS 342.121(4). Thompson v. General Electric Co., Ky., 461 S.W.2d 84 (1970). Compare Young v. Floyd County Mining Engineering Co., Ky., 460 S.W.2d 838 (1970). Without specific objections the report was binding on the board on medical questions. Adkins v. Caney Branch Coal Co., Ky., 459 S.W.2d 771 (1970).

■ Alternately, it is argued that it was unnecessary to file any objections because KRS 342.121(4) has been amended by Chapter 6, § 4 of the 1970 Acts of the General Assembly. This amendment eliminated the necessity of filing objections but it was not enacted until February 17, 1970. The objections were filed on July 29, 1969, and the board made its award on February 2, 1970. Nevertheless, the argument is made that we should apply the amendment retroactively " * * * since it is procedural in nature rather than being substantive in nature. See Kiser v. Bartley Mining Company, Ky., 397 S.W.2d 56 (1965)." Kiser held that where "[An] amendment became effective before the three-year limitation period had run against appellant's claim" which extended the filing time the claim was not barred. We do not consider it to support the argument, and we hold that this proceeding was controlled by KRS 342.121(4) before its amendment.

■ The report disclosed that Mrs. Woolum had neither a pre-existing disease nor disability within the meaning of KRS 342.120. It showed an aggravation of a pre-existing condition which was of the

**260**

type we have declared not to impose liability on the Special Fund. Young v. Bear Branch Coal Company, Ky., 434 S.W.2d 656 (1968); Young v. City Bus Company, Ky., 450 S.W.2d 510 (1969), and Fitch v. Princess Coals, Inc., Ky., 463 S.W.2d 941 (1971). The trial court erred in imposing liability on the Special Fund.

The judgment is reversed insofar as it imposes liability on the Special Fund.

All concur.