**James R. YOCOM, Commissioner of Labor, etc., Appellant,**

v.

**Edward FLEMING et al., Appellees.**

Court of Appeals of Kentucky.

March 23, 1973.

Gemma M. Harding, Ky. Dept. of Labor, Louisville, for appellant.

John N. Cornett, Whitesburg, William A. Rice, Harlan, for appellees.

PER CURIAM.

The only authorized basis for an award against the Special Fund in this case would be a supportable finding that the claimant had a dormant nondisabling *disease* condition that was aroused or brought into disabling reality by reason of a subsequent compensable injury. Cf. KRS 342.120(1) (b), (3), (4). On the strength of its finding that he had "hysterical neurosis of a conservative type, which was dormant and nondisabling—arisen into disabling reality as a result of his injury," the board apportioned 50% of the claimant's 100% disability against the Special Fund, which has appealed from a judgment sustaining that action.

It is readily apparent from the context of the award that the board avoided the question of whether the preexisting condition was a disease. Moreover, in view of such opinions as Cabe v. Olin Mathieson Chemical Corporation, Ky., 412 S.W.2d 250 (1967), and City of Pikeville v. Maynard, Ky., 428 S.W.2d 202 (1968), there is no substantial evidence in the record from which it would have been justified in finding that it *was*.

The judgment is reversed for further proceedings consistent with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.