James R. YOCOM, Commissioner of Labor, etc., Appellant,

v.

TRI–COUNTY SANITATION SERVICE, INC., et al., Appellees.

Court of Appeals of Kentucky.

Jan. 31, 1975.

Rehearing Denied June 6, 1975.

Murvel E. Combs, Lexington, Robert D. Hawkins, Dept. of Labor, Special Fund, Frankfort, for appellant.

J. Keller Whitaker, Workmen's Compensation Board, Dept. of Labor, Frankfort, William E. Hensley, Corbin, Charles E. Palmer, Jr., Harbison, Kessinger, Lisle & Bush, Lexington, for appellees.

VANCE, Commissioner.

This is an appeal from a judgment of the Knox Circuit Court which awards compensation to the appellee, Hazel Thomas, hereinafter referred to as claimant, for total disability for so long as the disability continues (within statutory limits) and which apportions one-hundred percent of the liability to the Special Fund upon the theory that the entire disability was caused by the arousal of a preexisting dormant non-disabling disease condition into disabling reality.

The claimant sustained a back injury during the course of her employment as a result of a motor-vehicle accident. Medical testimony indicates that she is in a totally disabling depressive state due to a combination of factors including (1) the

rigors of her socio-economic status, (2) the death of her mother and husband, (3) the subject motor-vehicle accident.

Although she appears to have fully recovered from the injuries received in the accident and those injuries are no longer disabling physically, she remains in a disabling depressive state.

The Workmen's Compensation Board awarded claimant compensation for total disability to be paid by her employer and dismissed the Special Fund as a party.

On petition for review the Knox Circuit Court entered judgment remanding the case to the board and directed that some apportionment of the award be made between the employer and the Special Fund. The Special Fund did not appeal from that judgment.

Following the mandate of the Knox Circuit Court the board reconsidered the case and made an apportionment of sixty percent to the employer and forty percent to the Special Fund. The Special Fund did not petition for review but the employer again petitioned for a review of that part of the award which apportioned sixty percent of the liability to it.

The circuit court then entered a judgment assessing the entire liability against the Special Fund and the Special Fund now appeals.

■ We have repeatedly held that a low threshold emotional breaking point, although it may constitute a personality defect, is not a disease condition within the meaning of KRS 342.120(1)(b). Holland v. Childers Coal Co., Ky., 384 S.W.2d 293 (1964); City of Pikeville v. Maynard, Ky., 428 S.W.2d 202 (1968); Merit Clothing Co. v. Jewell, Ky., 459 S.W.2d 88 (1970); Cabe v. Olin Mathieson Chemical Corp., Ky., 412 S.W.2d 250 (1967).

Although there was some medical testimony that claimant suffered from a dormant, non-disabling psychiatric disease, other medical testimony characterized her

difficulties in terms of "emotional instability." We conclude that the Board was justified in making no apportionment in the original order under the authority of Holland v. Childers, supra; City of Pikeville v. Maynard, supra; and Merit Clothing Co. v. Jewell, supra.

■ Be that as it may, the Special Fund did not appeal from, and thereby became bound by, the judgment of the Knox Circuit Court which directed an apportionment. Likewise the Special Fund failed to seek judicial review of the subsequent order of the board which apportioned forty percent of the liability to it. It is now too late for the Special Fund to seek to escape liability for forty percent of the award.

■ The employer takes the position that the Special Fund does not raise as an issue its liability for the remaining sixty percent of the award.

In truth appellant's statement of issues completely omits a specific claim that the court erred in assessing all of the liability against the Special Fund.

The Special Fund does argue however that the claimant did not suffer from a preexisting dormant non-disabling disease condition and that it should not be liable for payment of even forty percent of the award. This seems to us to raise the issue in a roundabout way of the liability of the Special Fund for the other sixty percent of the award.

■ The evidence in the record is not such as to compel a different apportionment from that made by the board. There was evidence that a contributing factor towards claimant's depressive state was the death of her husband subsequent to her accident. The evidence does not compel the conclusion that claimant's currently depressed state is entirely due to the motor vehicle accident nor can it be said that the findings of the board are not supported by evidence of substance. It was error therefore to set aside the findings of the board.

The judgment is reversed with directions that a new judgment be entered affirming the award of the board which apportioned liability forty percent to the Special Fund and sixty percent to the employer.

All concur.