Carl CABE, Commissioner of Labor, Commonwealth of Kentucky, etc., Appellant,

v.

**LEXINGTON LAUNDRY COMPANY et al.,
Appellees.**

Court of Appeals of Kentucky.

Feb. 2, 1968.

Paul D. Rehm, Versailles, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellant.

D. G. Lynn, Boehl, Stopher, Graves & Deindoerfer, Darrell B. Hancock, Fowler, Rouse, Measle & Bell, Lexington, William P. Swain, Louisville, for appellees.

DAVIS, Commissioner.

The narrow question presented in this workmen's compensation proceeding is whether there is any liability against the Special Fund in case of an "open-end" award for temporary disability as opposed to permanent disability.

On July 12, 1965, Larma D. Pinkerton sustained an injury to her right hand while engaged in her employment as a presser for the Lexington Laundry Company. After considering lay and medical testimony, the Board rendered an "open-end" award in which it recited that the claimant has "temporary total disability." The opinion of the Board has this language:

"There is not sufficient evidence in this record to make a finding on the permanency of this disability."

The award was granted against the Lexington Laundry Company for appropriate payments " * * * for such period she remains totally disabled, not to exceed a period of 425 weeks, * * *." KRS 342.-095(1).

The employer appealed to the Fayette Circuit Court seeking a review of the action of the Board. The circuit court affirmed that part of the Board's award which found the claimant to suffer temporary total disability but reversed that portion of the Board's award which imposed sole responsibility on the employer. The circuit court remanded the proceeding to the Board with directions to apportion the award between the employer and the Special Fund. The Special Fund has appealed here, testing the propriety of that portion of the circuit court's order which remanded the case for apportionment.

It is not disputed that there was medical evidence of a prior nondisabling arthritic

condition which was aroused into disabling reality by the compensable injury sustained on July 12, 1965. The Special Fund bases its appeal on its contention that KRS Chapter 342 does not create any liability against the Special Fund for *temporary* disability to the body as a whole. The chief basis for this argument is the Special Fund's interpretation of KRS 342.120(3), which is quoted for convenient reference:

"If it is found that the employe is a person mentioned in subsection (1) (a) or (b) and a subsequent compensable injury or occupational disease has resulted in *additional permanent disability* so that the degree of disability caused by the combined disabilities is greater than that which would have resulted from the subsequent injury or occupational disease alone, and the employe is entitled to receive compensation on the basis of the combined disabilities, the employer shall be liable only for the degree of disability which would have resulted from the latter injury or occupational disease had there been no pre-existing disability or dormant, but aroused diseased condition." (Emphasis added.)

It is observed that the quoted statute refers to "additional permanent disability." It is reasoned by the Special Fund that the restriction thus imposed absolves it from responsibility, absent a finding of permanent disability vis-a-vis temporary disability.

Countering this argument the employer calls attention to Green Valley Coal Company v. Carpenter, Ky., 397 S.W.2d 134, and Clay Coal Corporation v. Abner, Ky., 401 S.W.2d 56, together with KRS 342.005.

In Green Valley Coal Company v. Carpenter, there was an "open-end" award, and this court directed that the proceeding be remanded to the Board for procedure looking toward an apportionment. It does not appear that the contention was made in Green Valley Coal Company v. Carpenter that the Special Fund could not be held without a finding of permanent disability.

In Clay Coal Corporation v. Abner, Ky., 401 S.W.2d 56, another "open-end" award was involved, and it was held that there was substantial evidence supporting the Board's finding that the disability had resulted solely from the injury, so that no apportionment was required. In each of the cases just cited, this court assumed that apportionment was a proper issue in an "open-end" award situation.

It will be observed that KRS 342.005(2) is couched in this language:

"The board shall apportion the aggregate extent and duration of disability among the contributing causes including, but not limited to, the following:

(a) 'Traumatic injury by accident';

(b) Pre-existing disease previously disabling;

(c) Pre-existing disease not previously disabling but aroused into disabling reality by the injury or occupational disease."

We think it is significant that the just quoted portion of the statute relates to the "extent and duration of disability" as regards the matter of apportionment. It would appear futile to require determination of the "duration" of disability only in instances of permanent disability. In any event, it is our view that an "open-end" award of the type involved here is equivalent to an award for permanent disability for the purposes at hand. We are unable to perceive any reasonable basis for interpreting the statute as narrowly as urged by the appellant. We conclude that the circuit court correctly remanded the case for apportionment proceedings.

The judgment is affirmed.

All concur.