John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky, and Custodian of the Special Fund, Appellant,

v.

LEIGH COAL COMPANY, Clarence Slone and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Nov. 8, 1968.

Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellant.

Baird & Hays, E. R. Hays, Pikeville, for Leigh Coal Co.

V. R. Bentley, Pikeville, for appellee Clarence Slone.

WILLIAMS, Judge.

Clarence Slone suffered a back injury as the result of a slate fall while working in the mine of Leigh Coal Company. The Workmen's Compensation Board found Slone to be totally disabled as a result of the traumatic injury sustained, dismissed a claim against the Special Fund, and entered an open-end award against Leigh Coal Company and its insurance carrier. Upon appeal the Pike Circuit Court remanded the case to the Board, with directions that the claim against the Special Fund be reinstated and that an apportionment be made between the employer's insurance carrier and the Special Fund. This appeal results.

The only question on this appeal is whether the circuit court erroneously substituted its judgment for that of the Board when it reinstated the Special Fund as a party and ordered that an apportionment be made. Appellant argues that the evidence before the Board was sufficient to justify its finding and that the circuit court did erroneously substitute its judgment for that of the Board on a question of fact. Appellees argue that the testimony of only one doctor pertained to the lighting up of a dormant non-disabling disease condition which was brought into disabling reality by the injury. Consequently, they say there is no question of fact.

The employee was examined by a doctor who testified that he was totally disabled at the time he was examined and such disability resulted partially from the trauma and partially from the arousal of a dormant condition which he classified as a "round back deformity." The employer's doctor testified that the employee had a round back deformity but he could find no evidence of any disability occasioned by the traumatic effect of the slate fall.

The Board sustained a motion to make the Special Fund a party and appointed a doctor under the provisions of KRS 342.121, who made a partial examination of the employee. His report did not answer the questions propounded so the Board appointed another doctor. The employee was examined by an associate of the second appointed doctor and the Board considered his report as unresponsive to the questions propounded. Consequently, the testimony of the two independent examining physicians was of no help to the Board.

The Board found it unnecessary to rule on the exceptions filed to the reports of the appointed doctors since such reports were

not acceptable. Consideration was confined to the testimony offered by the employee's doctor and by the employer's doctor. The conclusion was that the employee was disabled as a direct result of the trauma he sustained, and there was insufficient evidence to hold that his round back condition contributed in any way to the disability.

■ Although the Board entered an open-end award, this did not preclude imposition of liability against the Special Fund if the circumstances so dictated. Cabe v. Lexington Laundry Co., Ky., 423 S.W.2d 909 (1968). The circumstances, according to appellees, are that one doctor testified the round back deformity did contribute to the disability and, since the only other doctor's evidence considered was to the effect that no disability resulted from the traumatic experience, the first doctor's testimony should be considered as an uncontradicted fact; thus presenting a question of law rather than of fact to the circuit court.

■ We are not inclined to say that, because only one doctor expressed an opinion concerning the arousal of a dormant condition, that opinion became uncontradicted fact and one which the Board was obligated to accept. We do point to a salient uncontradicted fact, however, which requires our consideration of the action taken by the Board.

KRS 342.121, in pertinent part, provides:

"(1) If on a claim for compensation for disability resulting from a subsequent injury by accident or occupational disease any medical question shall be in controversy, or a determination thereof necessary to the proper apportionment of liability therefor, the board shall· refer the case to a physician appointed by it for the purpose of investigating and reporting to the board on the medical questions involved. The physician shall make his report to the Workmen's Compensation Board in writing with respect to all medical questions at issue or neces-

sary to the apportionment of disability between the subsequent injury and in the prior existing disability at the time of employment. The report shall show the date of prior disablement or latent, non-disabling disease, which, if in dispute, shall be deemed a medical question. * *

"(4) The decision or award in the case shall conform to the findings and conclusions in such report insofar as restricted to medical questions; * * *."

■ The appointment of the doctors pursuant to the above statute is conclusive of the Board's inability to make a proper decision based solely on the testimony of the first two doctors. The statute requires the Board to appoint a doctor to investigate and report when a medical question is in controversy or a determination thereof necessary for apportionment. By its appointment of the doctors pursuant to the directions of that statute, the Board in effect found that a medical question was in controversy or a determination of a medical question was necessary to make an apportionment. (In fact the Board's order states, " * * * the Board must have answers to the questions propounded by the Board before this case can be decided.") The failure of the appointed doctors to make an acceptable report did not resolve the controversy. It can be resolved only after an acceptable report is received.

We are mindful that on occasion the Board has accepted and considered incomplete or inconclusive medical reports. The cases hold the Board is not bound by such reports but may take into consideration other evidence in the case. Deby Coal Company v. Caldwell, Ky., 383 S.W.2d 905 (1964); C. F. Replogle Company v. McGuire, Ky., 405 S.W.2d 201 (1966). In the latter case the Board did not accept the first doctor's report and appointed another. We held the Board was not bound by the first medical report and could consider the other evidence. The distinguishing factor in this case is that, after the Board determined it could not decide the case on the evidence of the first two doctors, it refused

to accept or consider the medical reports of the appointed doctors. Thus there was insufficient evidence before it to make a decision.

The judgment of the Pike Circuit Court remanded the case to the Board with directions that the claim against the Special Fund be reinstated and an apportionment made. In view of the fact the Board had insufficient evidence before it to make such determination in the first place, that was error. The judgment should have directed the Board to make a decision only after complying with the requirements set out in KRS 342.121. After receiving the report of a doctor appointed under that section the Board will be able to determine if a "round back deformity" is a dormant non-disabling disease condition and, if so, whether it was aroused or brought into disabling reality by reason of the trauma experienced.

The judgment is reversed, with directions to enter a new judgment in conformity with this opinion.

All concur.