**UNIVERSITY OF LOUISVILLE and Liberty Mutual Insurance Company, Appellants,**

v.

**Turner POUND and John W. Young, Commissioner of Labor and Custodian of the Special Fund, Appellees.**

Court of Appeals of Kentucky.

May 21, 1971.

———◆———

Stuart E. Alexander, Louisville, for appellants.

John Harbolt, Louisville, Martin Glazer, Frankfort, for appellees.

NEIKIRK, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court affirming an order of the Workmen's Compensation Board making an award of compensation. The evidence amply supports the award as to amount. The substantial question in issue concerns the matter of apportionment.

The Board determined that the employee, Turner Pound, was unable to return to work and entered an "open-end" award directing the employer, the University of Louisville, or its insurance carrier, Liberty Mutual Insurance Company, to pay Pound the maximum weekly compensation payment for "total disability not to exceed 425 weeks" from the date of the injury. The Board said:

> " * * * an award for total temporary disability is in order. It is expected, however, that the plaintiff's condition will continue to improve to such an extent that he will have a disability less than total."

In the proceedings before the Board, the Special Fund was made a party due to an alleged previous injury sustained by Pound. The Board said:

> "The Special Fund cannot be dismissed as a party defendant until an award of permanent disability has been made and the question of apportionment has been decided."

The appellant contends that apportionment should have been adjudged between it and the Special Fund at the time of the entry of the award and not deferred. In Cabe v. Lexington Laundry Company, Ky., 423 S.W.2d 909, the Board had entered an "open-end" award but declined to make any apportionment between the employer and the Special Fund. The circuit court affirmed the award but remanded the proceedings to the Board to apportion it. On appeal, we affirmed the circuit court, saying that an "open-end" award is the equivalent of an award for permanent disability, for the purposes of apportionment.

Under the holding in *Cabe,* the Board, at the time of making the award in the instant case, should have determined whether any portion of the award was apportionable to the Special Fund, and if so, how much. Under the evidence, this is

a determination that must be made by the Board; we cannot as a matter of law direct what the determination shall be.

The judgment is reversed with directions to enter judgment remanding the case to the Workmen's Compensation Board for determination of the issue of apportionment only, the award to be affirmed in all other respects.

All concur.