John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,

v.

CUTLER–HAMMER, INC., et al., Appellees.

Court of Appeals of Kentucky.

July 2, 1971.

Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellant.

John M. Milliken, Milliken & Milliken, Bowling Green, John Frith Stewart, Segal, Isenberg, Sales & Stewart, Louisville, for appellees.

CULLEN, Commissioner.

The Workmen's Compensation Board found Helen Williams to be suffering from an occupational disease and awarded her compensation for total permanent disability, to be paid by her employer, Cutler-Hammer, Inc. The latter appealed to the circuit court, maintaining first that Helen was not disabled, and second, that if she was disabled it was from a cause for which the Special Fund was wholly or at least partly liable. The circuit court entered judgment upholding the board's finding of total disability, but directing that liability for the entire amount of the award be imposed on the Special Fund, on the ground that the evidence required a finding that the disability was attributable entirely to the arousal into disabling reality of a dormant, nondisabling disease condition, KRS 342.120. The Special Fund alone has appealed to this court from that judgment. We direct our attention first to the procedural aspects of the case.

Under KRS 342.120(4), when the Special Fund is held liable for compensation payments in a "subsequent injury" case, the *employer* (or his insurance carrier) is required to pay the compensation to the employe and is *reimbursed* for those payments by the Special Fund. Thus, the primary liability, as far as the employe is concerned, is the employer's; any award imposing liability upon the Special Fund actually imposes initial liability on the employer, the latter's liability being directly to the employe, and the Special Fund's liability being simply to reimburse or *indemnify* the employer. This being the case, it should be plain that when the circuit court in the instant case held that the Special Fund was liable for the full amount of the award, that holding did not relieve the employer of any liability to the employe. To the extent that the circuit court did not set aside or reduce the award of compensation to the employe, the employer *failed* on his appeal to the circuit court. Therefore, if the employer desired to obtain relief from liability to the employe, it was incumbent on the employer to *appeal* to this court. (There was no necessity for the employe to appeal to preserve her rights against the employer because the circuit court judgment itself preserved those rights.)

For the reasons hereinbefore stated, the only issue presented on this appeal is whether the judgment of the circuit court was correct in holding that the Special Fund must reimburse the employer under the facts of this case.

The employer's claimed disability was from a Baker's cyst behind her left knee. The Workmen's Compensation Board found that the disability was from an occupational disease. The circuit court was of the opinion that the evidence required a finding that the disability was from the arousal into disabling reality of a dormant, nondisabling disease condition. The medical evidence was conflicting. We have examined it and find that it does not require the conclusion that the cyst was an outbreak, caused by the employment, of a dormant disease condition rather than being itself a disease initially caused by the employment.

The judgment is reversed with directions to enter a new judgment upholding the award of the board.

All concur.