**CAREY LUMBER COMPANY, Appellant,**

v.

**William A. NEWSOME et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 5, 1971.

J. W. Craft, Jr., Craft & Haynes, Hazard, for appellant.

G. C. Perry, III, Paintsville, Thomas R. Emerson, Department of Labor, Frankfort, for appellees.

Gemma M. Harding, Louisville, for Special Fund, Department of Labor.

NEIKIRK, Judge.

On July 20, 1970, the Workmen's Compensation Board awarded William A. Newsome compensation for total and permanent disability as a result of an injury sustained in the course of his employment with Carey Lumber Company. The Board dismissed the Special Fund and assessed all liability against the employer, who appealed to the Pike Circuit Court. The court affirmed the Board. Carey Lumber Company appeals. We affirm.

Appellee Newsome had been an underground coal miner prior to 1954. In that year he sustained an injury to his back while working as a coal miner in West Virginia. The injury necessitated the removal of a ruptured disc resulting in a spinal fusion. He was awarded benefits under the West Virginia Compensation Act, based on a finding of 50% permanent partial disability. In 1960, he began working for the appellant. He worked continuously for appellant for over nine and one-half years without complaint as to his back injury of 1954. He worked for appellant as a logger, mechanic, repairman, truck driver, and heavy equipment operator. On January 27, 1969, while unloading logs, Newsome injured his back.

Five doctors testified before the Board that Newsome was permanently and totally disabled as a result of the 1969 injury. All the doctors pointed out that Newsome had worked without any complaints of back difficulty for more than nine years prior to the accident. One of the doctors testified as follows:

"Q. Doctor, could you tell the Board if there is any of this diagnosis that you have just related to them that you did not attribute to the January 27, 1969 accident?

"A. There is no portion of this diagnosis which is not attributable and directly related to the accident of January 27, 1969."

\*  \*  \*  \*  \*  \*

"Q. Is there any part of this disability rating that you give this patient that is not attributable to the January 1969 accident?

"A. There is no part of this man's disability which is not attributable to the January 27, 1969 accident."

After the Special Fund was made a party, the Board appointed Dr. Kenneth Leatherman to examine appellee Newsome. The Board-appointed physician found that Newsome "is presently 100% disabled to the body as a whole." He testified further that he had 60% disability to the body as a whole resulting from his injury of January 27, 1969; a 25% permanent partial disability as a result of the 1954 injury; and a remaining 15% disability due to the arousal of a dormant disease condition into disabling reality. Exceptions were filed by appellee Newsome and the Special Fund. The Board sustained the exceptions and in its opinion stated that it would consider all the evidence in making its findings and award.

The appellant contends that the exceptions to Dr. Leatherman's report were not specific and that KRS 342.121 compels the Board to accept the findings of a Board-appointed physician as controlling where no specific objections are made. KRS 342.121 (4) was amended by the 1970 Legislature to read as follows:

"The board may consider the report of the physician along with the other evidence in the case in arriving at its decision or award, and any party in interest may take the deposition of the physician to be used as evidence in the case."

The amendment eliminates the necessity of filing objections to a report of a Board-appointed physician.

This amendment became effective on June 18, 1970. In the case before us, the objections were filed on July 2, 1970, and the Board handed down its opinion and award on July 20, 1970. Both events occurred subsequent to the effective date of the amendment. The amendment is procedural in nature and, therefore, became applicable to subsequent proceedings in pending cases. The amendment did not impair the appellant's defenses or rights as it related only to the mode of procedure. General Refractories Company v. Henderson, 313 Ky. 613, 232 S.W.2d 846.

The judgment is affirmed.

All concur.