**LEASECRAFT CORPORATION, Appellant,**

v.

**Grady SIMMONS et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 5, 1971.

George R. Effinger, Boehl, Stopher, Graves & Deindoerfer, Paducah, Milburn C. Keith, Keith & Kirkham, Hopkinsville, for appellant.

John J. Chewning, Hopkinsville, for Grady Simmons.

Gemma M. Harding, Dept. of Labor, Louisville, for Special Fund.

REED, Judge.

This is a workmen's compensation case in which the employee was awarded compensation for total and permanent disability to be paid exclusively by the employer without reimbursement as to any portion of the liability by the Special Fund. When the employer appealed, this disposition of the case made by the Workmen's Compensation Board was upheld by the circuit court. The employer then appealed to this court. Although we are unable to direct a particular disposition of the employee's claim, we are of the opinion that the Board's determinative finding concerning apportionment between the employer and the Fund is not supported by the testimony that was recited and relied on in the Board's opinion to justify its legal conclusion.

Grady Simmons was employed by Leasecraft Corporation. He claimed that he injured his back in a work-connected accident in November 1968. Simmons had previously had trouble with his back and was operated on in May 1960. On this occasion a ruptured disc was removed from his spine. All of the medical evidence established that he continued to have trouble with his back until his injury in November 1968, which was the subject of his claim for workmen's compensation benefits.

The Special Fund was made a party to the proceedings and a physician was appointed by the Board pursuant to KRS 342.121. The Board-appointed physician submitted his report, but the Board sustained the injured employee's specific exceptions to it. This physician reported that Simmons suffered 10% partial permanent disability to his body as a result of the November 1968 injury and 20% partial permanent disability as a result of a prior disc operation. These were functional ratings.

Simmons' own physician, Dr. Thornton E. Bryan, diagnosed the November 1968 injury as a compression fracture. He was familiar with Simmons' prior opera-

tion and sporadic painful episodes with his back. It was Dr. Bryan's opinion that Simmons had suffered from a degenerative type of back trouble for a long time prior to his last injury. It was also his testimony that he believed that the fracture had healed and that Simmons was suffering from aggravation of the degenerative disc condition. Dr. Bryan thought that the trauma of the November 1968 accident would be a relatively minor injury to someone else but it was catastrophic for Simmons because of his already vulnerable back.

Dr. William Meacham performed the disc surgery on Simmons in 1960. He stated that in his opinion a successful operation of this type would leave an individual with an inherent disability rating of somewhere between 15 and 20% to the body as a whole. This again, of course, is a functional rating.

Dr. George Ainsworth examined Simmons and first made a diagnosis that the November 1968 injury caused a compression fracture of a vertebra. He later changed this diagnosis, however, and finally stated that in his medical opinion the November 1968 injury caused an acute sprain of the spine rather than a compression fracture. Dr. Ainsworth further testified that in his judgment the compression fracture diagnosed by Dr. Bryan existed prior to November 1968. Dr. Ainsworth found total disability and attributed 40% of it to aggravation of the pre-existing, dormant arthritic condition. He attributed the remaining 60% disability to an active disabling condition, 20% of which was caused by the degenerative disc at the third lumbar space, 20% of which was caused by degenerative disc position at the fifth lumbar space and 20% of which was caused by arthritic changes throughout the spine. In Dr. Ainsworth's opinion, the November 1968 injury caused no disability of itself but aggravated the previous conditions. It is virtually undisputed that after the November 1968 injury Simmons was totally and permanently disabled.

■ On the question of apportionment, however, the Board recited this finding: "We do not believe apportionment between the employer and the Special Fund is appropriate in this case. We have adhered to Dr. Eugene Regen, Jr.'s testimony in this respect and do not find that Simmons suffered any pre-existing disability." Our review of Dr. Regen's testimony reveals that he at no time testified that Simmons had no previous disability. When he was asked to attempt such evaluation, he replied that he simply could not do it, thus the evidence recited by the Board to support its conclusion that Simmons suffered from no pre-existing disability does not support the finding.

Although we adhere to our holdings in Young v. City Bus Company, Ky., 450 S.W.2d 510, and the cases following it, we are impressed that the total medical evidence in this case would permit a finding that Simmons was suffering from an active partial occupational disability prior to the November 1968 injury. If Simmons was suffering from disability that had occupational significance prior to the November 1968 injury, then apportionment was possible under conceivable circumstances. In Young v. Fulkerson, Ky., 463 S.W.2d 118 (1971), we spelled out the proper procedure to use in such cases.

Applying the principles of that case to this one, it appears to us that the Board's finding that the November 1968 injury alone caused the disability is not supported by the evidence which the Board recited to justify its conclusion. Therefore, the Board should re-evaluate the issue of apportionment in this case upon the principles recited in the Fulkerson case.

■ We are unimpressed with the employer's argument concerning the nonretroactive effect of our decision in Young v. City Bus Company, Ky., 450 S.W.2d 510. If Simmons had no occupational disability prior to his last injury, the Board's decision is sustainable. We are also unimpressed with the Fund's argument that if

Simmons was working he could not be considered partially occupationally disabled. This contention in another aspect was specifically rejected in Osborne v. Johnson, Ky., 432 S.W.2d 800. In Carey Lumber Company v. Newsome, Ky., 472 S.W.2d 691 (decided November 5, 1971) there was positive evidence that the injury on which the claim was based alone and independently caused all of the resulting occupational disability. The record in this case contains no such evidence. Therefore, we have decided that this case should be reconsidered by the Board in the light of the principles recited in Young v. Fulkerson, Ky., 463 S.W.2d 118.

The judgment is reversed, with directions to remand the case to the Board for further proceedings consistent herewith.

All concur.