**JOSEPH E. SEAGRAM & SON, INC.,**
**Appellant,**

v.

**Viola LYONS et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

C. Dant Kearns, Stites & McElwain, Louisville, for appellant.

Freeman B. Blackwell, Louisville, Thomas R. Emerson, Dept. of Labor, Frankfort, Gemma M. Harding, Louisville, for appellees.

REED, Judge.

In this workmen's compensation case, the board entered an open-end award in favor of Viola Lyons to be paid entirely by her employer, Joseph E. Seagram & Son, Inc., without any reimbursement by the Special Fund. The employer appealed to the circuit court on the ground that under the evidence the apportionment statute applied. (KRS 342.120). The circuit court affirmed the board's decision. The employer thereupon appealed to this court.

The employee moved to dismiss the appeal as to her. She asserts that the only issue is whether the employer is entitled to reimbursement for a portion of its primary liability to her, and thus the argument is only between the employer and the Special Fund. We disagree. If the apportionment statute applies in this case and.

certain factual findings are made that are recited in the statute, then the amount that Mrs. Lyons would be entitled to recover from her employer and the amount for which the Special Fund could be required to participate by reimbursement after the statutory exclusion was determined could well be reduced. The circumstance presented that this happens to be an open-end award does not prevent the application of the apportionment statute. See University of Louisville v. Pound, Ky., 467 S.W.2d 362 (1971). Consequently, we overrule the motion of Viola Lyons to dismiss the appeal as to her. Cf. Young v. Cutler-Hammer, Inc., Ky., 469 S.W.2d 358 (1971).

The board found from substantial evidence that the claimant was injured in a work-connected accident when she fell from a box upon which she was sitting and struck her back against a post; this injury occurred in October 1968. All of the evidence, lay and medical, supported the board's conclusion that the claimant is now totally disabled, but the permanency of her present extensive disability is not presently ascertainable. The issue of apportionment, which necessarily involves the amount of compensation benefits recoverable by the claimant, is the real problem presented in the case.

The claimant had previously injured her back in November 1964 in a fall at her home. Her back was injured in the same general location that was again involved in the October 1968 injury. She was twice operated on as a result of the 1964 injury: the first operation was performed in March 1965 and the second one in July 1966. She was still under the care of the physician for her back trouble when the 1968 injury occurred. Her symptoms, which she related to her physician, from the last injury were the same she had been experiencing from the previous injury—pain in her back and right leg. She was still in a brace from her previous surgery and back complaints at the time of the work-connected injury on which her present claim was based.

The board-appointed physician (KRS 342.121) reported that the claimant had a 20% "active" functional disability from the two previous operations and a 30% functional disability after the 1968 injury. He found no dormant nondisabling disease. The board overruled the claimant's exception to his report, but because he had not considered the significance of a "conversion hysteria" reaction, which other medical evidence indicated was a cause of disability, the board decided to consider other medical evidence in arriving at its award.

The board's opinion recited that several physicians testified that plaintiff was suffering from a mental condition called "conversion reaction" that played a part in her present disability and was caused by the 1968 injury. The board's opinion stated: "None of these doctors felt that the plaintiff's hysterical personality or conversion reaction was due entirely to the accident of October 1, 1968, but that the accident was a contributing factor."

■ The board's own findings do not support its implicit conclusion that the October 1968 injury alone and of itself caused the claimant's resulting disability. If the claimant was occupationally disabled prior to the 1968 injury, then apportionment was necessary if that disability combined with the subsequent injury to produce the resulting disability. If the claimant was occupationally disabled prior to the subsequent injury, whether that disability was caused by an underlying nondisease personality defect, a disease condition, or an injury, is immaterial. Cf. Leasecraft Corporation v. Simmons, Ky., 472 S.W.2d 693 (decided November 5, 1971).

We believe that the board should reappraise this claim in light of the principles and procedures announced in Young v. Fulkerson, Ky., 463 S.W.2d 118 (1971).

The judgment is reversed with directions to remand the case to the board for further proceedings consistent herewith.

All concur.