Paul Dale **ELKINS**, Appellant,

v.

**ADAMS STONE CORPORATION**, Special Fund, Workmen's Compensation Board of Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

June 23, 1972.

The medical evidence consists of the testimony of two physicians, Dr. Russell Meyers and Dr. Eugene Q. Parr, and the report of Dr. Frederick C. Ehrman, a physician the board appointed pursuant to KRS 342.121. Dr. Meyers, a neurosurgeon and psychologist, examined Elkins and stated that in his opinion the patient had sustained a 40 percent permanent partial disability with 35 percent due to the arousal of a preexisting condition into disabling reality, and 5 percent chargeable to the trauma itself. Dr. Meyers described his procedure as an orthopedic and neurological examination. He identified the preexisting condition as a neurasthenic psychoneurosis which anteceded the trauma but was precipitated by the trauma into overt form.

Dr. Eugene Q. Parr examined Elkins about two months after Dr. Meyers' diagnosis. Dr. Parr testified that no orthopedic problem was presented; that he could find no indications of any psychoneurosis in the past, and when asked if his diagnosis was based mainly from an orthopedic standpoint, he answered that it was from an orthopedic standpoint plus consideration of the entire patient, since he had been taking care of people since he graduated from medical school 18 years before. Dr. Parr stated that Elkins probably sustained contusions and a mild neck sprain at the time of injury, but that he appeared to be essentially recovered at the time of examination. Dr. Parr testified that Elkins had no permanent partial functional impairment to the body as a whole, and that he could return to the same type of duties he was performing at the time of injury.

Dr. Ehrman stated in his report to the board that in his opinion Elkins had a basic personality defect which was not a disease nor diseased condition. He found the patient to have 10 percent disability due to the trauma in question and 10 percent due to the arousal of a basic personality defect for a total of 20 percent functional impairment.

Harry R. Stamper, Friend & Mullins, Pikeville, for appellant.

Joseph W. Craft, Jr., Hazard, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellees.

REED, Judge.

Paul Dale Elkins complains that the Workmen's Compensation Board did not properly determine the extent of his disability which resulted from a work-connected accident. The board awarded him approximately five months of temporary total disability and the cost of medical treatment, but Elkins claims he was legally entitled to an award based upon a finding of 40 percent permanent partial disability. When Elkins appealed to the circuit court, the board's decision was upheld. Elkins then appealed to this court.

Appellant was injured when a steel chute fell on him and knocked him down. He was struck on the head, shoulders and back. He stated the blow caused his entire body to become numb. He was treated by physicians and hospitalized for a short period of time.

Upon the foregoing evidence, the board found that Elkins did not sustain any permanent partial occupational disability.

 Elkins cites Young v. Leigh Coal Co., Ky., 433 S.W.2d 865 (1968), as authority for the proposition that where different medical problems or impairments are involved, the report of only one physician is insufficient evidence on which to decide a case if that physician is not qualified to evaluate such individual's complete medical problems. In this case, however, the line between medical specialties is not so clear. The evaluation of disability by an orthopedist can well include the element of emotional overlay. Dr. Parr testified that he evaluated Elkins as a total individual. Dr. Ehrman, a qualified psychiatrist, found no psychiatric disease but merely a personality defect. In Commonwealth, Dept. of Economic Sec. v. Harris, Ky., 441 S.W.2d 431 (1969), in commenting about the evidentiary problem presented, we remarked that where there are different medical opinions concerning the source and nature of an employee's psychotic reaction, the board is faced with the difficult problem of determining to what extent the employee's attitude and disinclination to work create a compensable disability. In that case we held that the evidence would have justified a finding of lesser disability or more disability than the percentage of disability determined by the board. We remarked that the board was forced to exercise a discriminating judgment.

Appellant concedes that it is the board's function to determine occupational disability. In this instance, the board found from the total evidence that the injured employee was totally disabled for a specified period. It was not convinced from the evidence that a minimal functional impairment claimed to be present by one physician who related it to a mere personality defect overcame the medical opinion of a qualified orthopedist who testified that he evaluated the claimant's total condition in arriving at his conclusion that

permanent disability was not present and that the employee could resume his normal work. We can neither characterize these conclusions of the board as clearly erroneous because not supported by substantial evidence, nor say that the claimant's evidence was so clearcut and convincing that it was unreasonable for the board not to be convinced by it.

The judgment is affirmed.

All concur.