James R. YOCOM, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,

v.

Edward Eugene CONLEY, General Telephone Company of Kentucky and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Aug. 5, 1977.

Gemma M. Harding, Deputy Gen. Counsel for Appeals, Dept. of Labor, Louisville, for appellant.

Stanley R. Hogg, Ashland, for appellee Conley.

Charles E. Palmer, Jr., Lexington, for appellee Gen. Tel.

Kenneth E. Hollis, Dept. of Labor, Frankfort, for Dept. of Labor.

Before HOWERTON, GANT and WILHOIT, JJ.

HOWERTON, Judge.

Edward Eugene Conley suffered an injury to his back when he fell approximately thirty-five to forty feet while working as a lineman for General Telephone Company of Kentucky. Conley had suffered a previous

injury for which he had received a settlement of Workmen's Compensation benefits based upon a 20% disability of the body as a whole.

For his present disability, the Workmen's Compensation Board found that Conley was 80% permanently disabled and determined that 50% of this 80% was an active occupational disability which existed immediately prior to the injury. Thus, only the remaining 30% was compensable and was the responsibility of the employer, General Telephone Company. The Board dismissed the Special Fund, finding that there was no arousal of a dormant, non-disabling disease condition, nor was there an excess of disability from the cumulative effect of the recent accident coupled with the prior disability.

On review, the circuit court reversed the findings of the Board. The circuit court found that there was no evidence whatsoever that Conley was presently partially disabled. Rather, all evidence pointed to the fact that Conley was 100% disabled. Further, the court found that only 20% of the current 100% total disability was attributable to prior injury which had already been compensated, leaving 80% disability to be compensated. Based upon KRS 342.120 and the test developed in *Young v. Fulkerson*, Ky., 463 S.W.2d 118 (1971), the court determined that the Special Fund should not have been dismissed. The circuit court found that the evidence dictated a finding that the 80% disability should be apportioned 30% and 50% between the employer and the Special Fund, respectively, for 30% disability would have resulted from the latter injury had it been the sole injury. The court determined that the Special Fund would be responsible for the disability ascribable to the combined effects of the latter injury and the pre-existing disability, namely 50%. In making such determination, the court found that there was no evidence of any occupational disability which existed prior to the injury other than 20%. Also, it held that the Board's finding of 50% pre-existing occupational disability was unsupported by any evidence in the record.

The appellant, Special Fund, argues that the court erred when it reversed the findings of fact of the Board which dismissed the Special Fund from all liability. It is argued that the report of the doctor appointed pursuant to KRS 342.121 was mandatory upon the Board in the apportionment as no specific objections were filed to the report by any party, pursuant to KRS 342.121(4). Such claim was not made until the present appeal and enough is said to state that appellant has waived this argument. See, *Heucker v. Clifton*, Ky., 500 S.W.2d 398 (1973). Nevertheless, we would point out that this section of KRS was amended on June 18, 1970, doing away with the necessity of objecting to the doctor's report. The procedural nature of this amendment made it applicable to the present case. See, *Carey Lumber Company v. Newsome*, Ky., 472 S.W.2d 691 (1971).

While we are in agreement with numerous conclusions made by the circuit court, we have concluded that this case must be remanded to the circuit court since it exceeded its authority in directing specifically the award which the Board should render. KRS 342.285; *Young v. Tackett*, Ky., 481 S.W.2d 661 (1972); *Greathouse Company v. Yenowine*, 302 Ky. 159, 193 S.W.2d 758 (1946).

Upon a review of the record, we agree with the circuit court that the finding of the Board that Conley is 80% occupationally disabled is unsupported by any evidence and is clearly erroneous. Further, we agree with the circuit court that the record does not support the Board's conclusion that 50% of the occupational disability was pre-existing. Last, we determine that it was error for the Board to find that there was no percent of disability ascribable to the combined effects of the newest injury and the pre-existing injury.

This case is remanded to the circuit court for correction of its previous judgment which will necessitate a remand of the case to the Board for an award consistent with the correct and authorized findings of the circuit court as discussed above.

ALL CONCUR.